# COMMONWEALTH v. ZACH. TAYLOR.

APPEAL BY DEFENDANT FROM THE COURT OF OYER AND
TERMINER OF GREENE COUNTY.

Argued October 7, 1889—Decided October 28, 1889.

[To be reported.]

1. The test of the competency of a juror in a capital case is his ability to render a verdict upon the evidence, and upon the evidence alone, uninfluenced by any opinion which he may have previously formed from newspaper or other reports of the crime: Rizzolo v. Commonwealth, 126 Pa. 54.

2. An opinion as to the guilt or innocence of a defendant, not thus controlling, and formed by a juror from reading fragmentary newspaper reports of the former trial of a co-defendant upon the same indictment, will not create a disqualification of the juror: Allison v. Commonwealth, 99 Pa. 32, distinguished.

3. Inculpatory statements or admissions of the defendant are not inadmissible because the witness offered to prove them did not hear and therefore could not give the whole of the conversation during which they occurred, if the statements or admissions which he did hear are complete in themselves.

4. A remark made by the district attorney, during the discussion of the admissibility of testimony as to such statements or admissions by the defendant, that "commonwealth would not compel the defendant here to state the whole of that conversation," is not ground for reversal.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 124 October Term 1889, Sup. Ct.; court below, No. 1 January Term 1888, O. & T.

On January 6, 1888, the grand jury returned as a true bill an indictment charging George Clark, Frank Clark, Sr., and Zach. Taylor, with the murder of William McCausland.   Issue.

On April 3, 1888, a severance was had, and the trial of George Clark was ordered.   On April 14th, the jury returned a verdict of guilty.   Judgment having been passed, the case was taken to this court by writ of error to No. 191 October Term 1888, and by opinion filed February 11, 1889, the judg-

ment was affirmed.    See Clark v. Commonwealth, 123 Pa. 555, where the material facts relating to the murder sufficiently appear. .

On January 15, 1889, the case of Commonwealth v. Zach. Taylor was called for trial.    In the examination of the jurors as they were called to be impaneled,

Theodore Warren, sworn on his voir dire, said:

To defendant's counsel: That he had read the newspaper account of the murder, all that was published in the Waynesburg Democrat; all that was published in the Democrat about the coroner's inquest, the habeas corpus proceedings, and about the trial of George Clark in April, 1888; was not present at the trial; had.formed an opinion with regard to the guilt or innocence of this defendant; could not say it was a fixed opinion; a very strong impression, though, and it would require pretty strong evidence to change it; if sworn as a juror, he would try to render a verdict without being influenced by that opinion, but would rather not undertake it.

By the court: The question is, whether if you were sworn as a juror you could go into the jury box and, after hearing all the evidence in the case could give this defendant a fair and impartial trial, and be governed by the evidence alone, without being influenced by the impression or opinion you may now entertain?    A. Yes, sir; I think I could, to the best of my ability.

Q. We are not asking you what you think about it.    We are asking you whether you could and whether you would?    A. If I was sworn as a juror?

Q. Oh, yes, if you were sworn.    If you were sworn as a juror, could you and would you give this defendant a fair and impartial trial from the evidence you would hear here in court, without being influenced by your opinion?    A. Yes, sir.

By the court: Challenge for cause overruled; exception.[1]

Defendant's counsel: Q. Do you think that with this strong conviction or strong opinion you have of the guilt or innocence of this defendant, you could go into the jury box and hear the evidence as detailed before you and render a true verdict according to that evidence, without being influenced by any opinion you have now?    A. If the evidence was strong enough I could.

Q. The question is, would you be influenced in any way if

sworn as a juror by any opinion you now have, would that opinion have any effect on your verdict? A. I would give a verdict according to the evidence if sworn as juror.

Q. Without being influenced in any way by the opinion you now have? A. Yes, sir.

Q. Will you now tell me what you mean by a fixed opinion? A. Well, I would say if a man had a fixed opinion it could not be changed. If it was fixed, it could not be changed, I suppose.

Q. That is not your kind of an opinion? A. No, sir; I said it was not fixed that strong.

Defendant challenges peremptorily.

P. C. Reeves, sworn on his voir dire, said:

To defendant's counsel: That he heard of the murder through the neighbors, then he heard of it through the papers; he had read pretty nearly everything he saw published in the papers about the coroner's inquest, and the trial of George Clark, but was not present at the trial; he had formed an opinion with regard to the guilt or innocence of the defendant, after he had heard and read what he did; it was not a fixed opinion at all, and could be changed by evidence that he would want to believe.

Q. You think you could be sworn as a juror in the case and hear the testimony, as it would be revealed before you, without being influenced in any way in making up your verdict by this opinion you have? A. I would not allow the opinion to control me at all; I would be controlled by the evidence.

Q. You say you read the evidence taken at the trial of George Clark? A. I think I read everything that was printed; everything I saw, at least. I read the papers every week; I expect I saw pretty much everything that was printed in them.

Defendant challenges for cause, for the reason that he has read the evidence on the trial of George Clark.

By the commonwealth: Q. I understand you to say, if sworn as a juror in this case, that you could give this defendant a fair and impartial trial on the evidence you would hear here in the case, without being influenced by this opinion you have? A. I said I would not allow the opinion I have to control me; I would be controlled by the evidence.

Statement of Facts.

By the court: Challenge for cause overruled; exception.[2]

By Mr. Sayers: I wish to add that the challenge for cause is made in this case solely on the ground that the witness testified that he read the evidence as published in the George Clark case, at April Term, 1888; the defendant here being a co-defendant with George Clark, and the nature of the testimony being substantially the same as in that. Defendant challenges peremptorily.

A jury having been impaneled and sworn, Charles Howard, called for the commonwealth, testified that in November, 1887, he went into Dr. Neff's store in Masontown; the defendant and others were there talking about the murder when he went in, so that he did not hear the whole of the conversation; the defendant made a declaration, the whole of which he heard.

Objected to, that the witness did not hear the whole of the conversation.

By the court: The objection is that the witness is not able to state the whole of the conversation. The objection is well founded, unless the conversation he refers to is the whole conversation. If it is the whole of the conversation, then that is the end of it.

By the district attorney: Commonwealth would not compel the defendant here to state the whole of the conversation.

Defendant excepts to the remark of the counsel for the commonwealth.

By the court: Exception sealed.[5]

The witness, subsequently recalled, testified that after he went into Dr. Neff's store, they began talking about the shot, if it would kill McCausland instantly; a clerk in the store said the shot would kill him instantly.

Q. What did this defendant say? A. He said it would not; he was hit with a stone.

Defendant objects to the witness stating what the defendant's opinion was.

By the court: Objection overruled; exception.[3]

Q. Give the words as near as you can, what Taylor said there in your presence? A. He said he knew the shot would not have killed him instantly, for he was hit in the head with a stone.

R. L. Debolt, called for the commonwealth, testified that in

December, 1887, he went into Sterling's store, and when he went in several persons, including the defendant, were present and there was talk going on about the murder.

Objected to, unless the witness can say he heard the whole of the conversation.

By the court: I do not see any need of any further examination of this witness, unless he can say he heard the whole of the conversation.

The witness, afterwards recalled, testified that some of those present were telling the defendant the probabilities were he would be arrested.

Q. Then, what did he say in reply to that? A. He just said he could clear George Clark. He said he wished they would arrest him and take him up there, and he would clear George Clark.

Q. Why did he say he was clear? A. Well, he said he knew the whereabouts of George Clark during that forenoon.

Q. Where did he say he was? A. He said he was at George Clark's, I believe, that forenoon—

Defendant objects to the testimony as incompetent and irrelevant; it is not competent for the witness to state any more than the mere admission of the witness [defendant?] himself.

By the court: Objection overruled; exception.[4]

A. Then he said George Clark came to his house about 11 o'clock, I think, and stayed there till sundown.

C. L. Cowell, called for the commonwealth, the following offer was made:

The commonwealth having proven that George Clark and Zach. Taylor were seen upon the morning of the murder going from the direction of the scene of the murder at a rapid gait, and but a short distance from the scene of the murder; and, having further shown by Thomas Mountjoy that the defendant admitted to him that he had been in the hollow where the murder was committed when James McAllister passed, the commonwealth proposes to prove by this witness that on or about September 12, 1885, he saw the revolver, which was found upon the scene of the murder, in the hands and possession of George Clark, who is jointly indicted with Zach. Taylor, the defendant. This is offered for the purpose of showing that the revolver found upon the scene of the murder belonged to George Clark.

Defendant objects to the testimony as being incompetent and irrelevant; particularly so, as there has been no evidence yet introduced showing the defendant and George Clark together, before the commission of the crime, at the scene of the crime, or within an half-hour after the crime was committed.

By the court: Objection overruled; exception.[6]

The testimony of the witness, admitted under the foregoing offer, did not appear in the paper-books.

At the close of the testimony, the jury were instructed by INGHRAM, P. J., and after deliberation returned a verdict that the defendant was guilty of murder in the first degree. A rule for a new trial having been discharged, judgment was passed on May 1, 1889, when the defendant took this appeal, assigning for error:

1, 2. The overruling of defendant's challenges.[1][2]

3–6. The admission of the commonwealth's offers.[3 to 6]

Mr. *Jas. E. Sayers* (with him Mr. *T. L. Lincoln*), for the appellant.

Upon the first and second specifications of error, counsel cited: Allison v. Commonwealth, 99 Pa. 32; Clark v. Commonwealth, 123 Pa. 574; Staup v. Commonwealth, 74 Pa. 468; Curley v. Commonwealth, 84 Pa. 156; Weston v. Commonwealth, 111 Pa. 251. Upon the third and fourth specifications, no authorities were cited. Upon the fifth specification: Section 10, act of May 23, 1887, P. L. 161. Upon the sixth specification: 1 Greenl. Ev., § 111.

Mr. *D. R. P. Huss*, District Attorney, (with him Mr. *W. S. Anderson*, Mr. *R. F. Downey* and Mr. *S. R. Huss*), for the commonwealth.

Upon the first and second specifications, counsel cited: Clark v. Commonwealth, 123 Pa. 558; Staup v. Commonwealth, 74 Pa. 458; Allison v. Commonwealth, 99 Pa. 23; Ortwein v. Commonwealth, 76 Pa. 414; O'Mara v. Commonwealth, 75 Pa. 424; Weston v. Commonwealth, 111 Pa. 251; Commonwealth v. Winnemore, 2 Brewst. 380. Upon the third and fourth specifications: Wharton on Ev., § 1108; Commonwealth v. Pitsinger, 110 Mass. 101. Upon the sixth specification:

Roscoe, Crim. Ev., 7th ed., 414; 2 Bish. Crim. L., 190, n. 7; 3 Greenl. Ev., §§ 93, 108.

OPINION, MR. CHIEF JUSTICE PAXSON:

We have held repeatedly, in recent cases, that the test of the competency of a juror in a capital case is his ability to render a verdict upon the evidence, and upon the evidence alone, uninfluenced by any opinion which he may have previously formed from newspaper or other reports of the crime. Our latest case upon this subject is Rizzolo v. Commonwealth, 126 Pa. 54. That case followed directly in the line of Staup v. Commonwealth, 74 Pa. 458; O'Mara v. Commonwealth, 75 Pa. 424; Ortwein v. Commonwealth, 76 Pa. 414; Allison v. Commonwealth, 99 Pa. 32, and Clark v. Commonwealth, 123 Pa. 558.

In the case in hand, several of the jurors were challenged for cause, yet each juror was able to say upon his oath that he could and would render a true verdict according to the evidence, without being influenced by any previously formed opinion. It was urged, however, that the case did not come within those cited, for the reason that some of the jurors, at least, had formed their opinions or impressions from reading the newspaper reports of the trial in the case of Commonwealth v. Clark. It does not appear, however, that any of the jurors were present at Clark's trial, or had heard the evidence then delivered; at most they had read fragmentary reports of said trial. Clark, it will be remembered, was indicted jointly with the present defendant, and separately tried, resulting in a verdict of guilty. We have not the case, therefore, of a juror who had acted as such upon a former trial of the same defendant, or one involving the same facts, or who had been present at such trial, and had heard and listened to all the evidence. In Allison v. Commonwealth, supra, we held that where a juror in a criminal case has formed an opinion from hearing or reading the evidence upon a former trial, he is incompetent, even if his opinion thus formed does not come up to the standard of a fixed opinion. But this rule does not apply where the juror has heard or read only fragmentary portions of the evidence; on the contrary, his opinion must have been formed upon all the evidence in a former trial against the same prisoner, before the disquali-

Opinion of the Court.

fication referred to attaches; and it was distinctly ruled in the same case, Allison v. Commonwealth, that the hearing or reading the evidence upon a preliminary examination before a coroner or committing magistrate, was not a trial within the meaning of this rule. We need not discuss this question further. It is worn threadbare, and the law ought to be now well understood.

There is no merit in the remaining assignments. The third and fourth allege error in the admission of certain declarations or statements of the prisoner, and the principal objection to them appears to be that all of the conversation in which they occurred is not given. The witnesses did not hear the whole conversation, and of course could not give it; but, as detailed by them, the conversations were complete in themselves, and, as admissions by the prisoner, were competent.

The fifth assignment alleges that an adverse reference was made by the district attorney, in the course of the trial, to the fact that the prisoner was a competent witness. We do not think this objection well taken. There was no remark or comment on the fact that he was not called as a witness; there was only a reference, made almost as obscurely as it could be worded, to the prisoner's competency. This is apparent upon an examination of the assignment, which sets forth the precise remark of the district attorney. However it might be, where an attempt had been made to prejudice the jury by calling attention to the fact that the prisoner had not taken the stand as a witness, we should be loth to reverse a case of this gravity upon a casual, obscure remark of this kind, evidently not intended to prejudice the defendant, which probably did not do so, and which appears to have been drawn out by the exigencies of the trial.

It is not necessary to discuss the sixth and last assignment. We are of opinion that the evidence, the admission of which is there referred to, was fully justified by the facts of the case.

> The judgment is affirmed, and it is ordered that the record be remitted to the court below for the purpose of execution.