## Commonwealth *v.* Minney, Appellant.

*Criminal law—Murder—Jury—Challenge—Conscientious scruples—Preconceived opinions.*

A juror's conscientious scruples against capital punishment, or his preconceived opinion as to the guilt or innocence of the prisoner, are good grounds for challenge, and the test of such scruples or such an opinion as a disqualification, is the juror's own testimony as to his ability to throw aside their influence and render a verdict according to the evidence alone; but this test is not to be applied solely on the juror's own conclusion. His ability as well as his willingness must be shown to the satisfaction of the judge, and the latter must be allowed a large measure of discretion.

Where a juror states that he has conscientious scruples against capital punishment, but testifies that he would bring in a verdict according to the evidence, although it "would worry his conscience" or "would do violence to his conscience," the trial judge cannot be charged with error in sustaining the commonwealth's challenge for cause.

In a murder trial a prisoner has no right to the service of any particular juror on his panel. If he has a legal and impartial jury this is all he is entitled to.

The fact that a juror uses the term "fixed opinion" does not disqualify him if he still declares that he can disregard it and be governed by the evidence alone.

*Criminal law—Murder—Charge—Omissions.*

Where the judge in his charge, reviewing the evidence, omits or insufficiently refers to portions that counsel think material, it is their duty to call the judge's attention to them before the case goes to the jury, so that the error, if there is one, may be corrected before it has done any harm.

Argued Oct. 15, 1906.　Appeal, No. 290, Jan. T., 1906, by defendant, from judgment of O. & T. Fayette Co., Dec. T., 1905, No. 4, on verdict of guilty of murder of the first degree in case of Commonwealth v. Wilbur Minney.　Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ.　Affirmed.

Indictment for murder.　Before REPPERT, P. J.
The opinion of the Supreme Court states the case.

*Errors assigned* were in sustaining various challenges, and portions of the charge.

*S. J. Morrow*, with him *R. F. Hopwood, D. M. Hertzog* and *R. M. Carroll*, for appellant.

*Thomas H. Hudson*, district attorney, and *Davis W. Henderson*, assistant district attorney, for appellee, were not heard.

PER CURIAM, November 2, 1906 :
The second and third assignments of error are to the court's sustaining the commonwealth's challenges for cause to jurors who had conscientious scruples against capital punishment. It has long been settled that such scruples are a good cause for challenge : Com. v. Lesher, 17 S. & R. 155; and it is equally well settled that the test of such scruples as a disqualification is the juror's own testimony as to his ability to throw aside their influence and render a verdict according to the evidence alone : Com. v. Valsalka, 181 Pa. 17 (34).

The same test is applicable to the disqualification by a pre-conceived opinion of the juror as to the guilt or innocence of the prisoner, which is the ground of the fourth assignment : Com. v. Taylor, 129 Pa. 534, and cases there cited.

But this test, while in the nature of things the only one available, is not to be applied solely on the juror's own conclusion. He may honestly think he can disregard his scruples or his opin-ion, and may honestly try to do so; but his ability as well as his willingness must be shown to the satisfaction of the judge, and the latter must be allowed a large measure of discretion. " We cannot bring before us the tones, the manner and appar-

ent spirit and character of this juror, and for that reason we cannot review the influence such considerations exercised upon the mind of the learned judge : " Com. v. Roddy, 184 Pa. 274. " The established test is whether or not the juror can throw aside his impression or opinion and render an impartial verdict on the evidence alone. That question the juror alone can answer, and the weight of his answer is not to be determined exclusively by his words as they appear in print in the record, but by his words, manner and bearing, as to which a fair measure of discretion must be allowed to the court below which had the juror before it : " Com. v. Eagan, 190 Pa. 10.

In the present case the two jurors who had conscientious scruples against capital punishment each testified that he would bring in a verdict according to the evidence, but it " would worry his conscience " or " would do violence to his conscience." The judge might very fairly doubt if the jurors had the ability to be entirely impartial though they might honestly make the effort. But even if he had no such doubt he was right in holding that the law did not compel him to subject a juror to such a strain on his conscience. It was a proper exercise of his discretion.

But even if the discretion had been improvidently exercised the prisoner would not have been injured, for he had no right to the service of any particular juror on his panel, and if he had a legal and impartial jury this was all he was entitled to : Com. v. Mosier, 135 Pa. 221, and cases collected in Thompson and Merriam on Juries, secs. 159, 251 and 271.

On the point made in the fourth assignment that the juror testified that he had a " fixed opinion," the case of Curley v. Com., 84 Pa. 151, is express authority that notwithstanding the juror's use of the term " fixed opinion " he was not disqualified if he still declared he could disregard it and be governed by the evidence alone.

The other assignments do not require any detailed discussion.

The amendment of the record of the first trial was justified by the minute book and merely conformed the record to the verdict as it was actually rendered.

We have constantly to remind counsel that where the judge in his charge reviewing the evidence omits or insufficiently re-

fers to portions that counsel think material, it is their duty to call the judge's attention to them before the case goes to the jury, so that the error, if there is one, may be corrected before it has done any harm.

The judgment is affirmed and the record is remitted to the court that execution may be had according to law.