STATE OF MONTANA, Plaintiff and Respondent, *v.*
LEWIS GATES, Defendant and Appellant.

No. 9587.

Submitted January 26, 1957.   Decided February 6, 1957.

Rehearing Denied March 1, 1957.

307 Pac. (2d) 248.

Mr. E. K. Cheadle, Mr. Harry A. Wooster, Billings, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Forrest H. Anderson, Atty. Gen., and Mr. Emmet T. Walsh, Asst. Atty. Gen., Mr. Nat A. Allen, County Atty., Ryegate, for respondent.

Mr. Cheadle and Mr. Walsh argued orally.

MR. JUSTICE CASTLES:

This is an appeal from a judgment entered upon a verdict finding the defendant guilty of the crime of grand larceny and from the order of the court denying a new trial. The information charged the crime of grand larceny by stealing one unbranded brocket-faced calf.

Appellant's specifications of error, numbers I, II, and III, are based upon the court sustaining challenges for cause by the state of three prospective jurors. His contention is that the cause of the challenge must be stated as provided in R.C.M. 1947, section 94-7122. In each instance, the county attorney, after questioning the prospective juror on *voir dire*, challenged the juror by stating, "I challenge the juror for cause." In each case, objection to the challenge was made by the defendant generally, and on the ground that the challenge was not properly stated. Appellant urges that any challenge for cause, to a prospective juror, must state the statutory ground upon which the challenge is based.

One prospective juror was shown on his examination to be so deaf that he could not hear the witnesses.

Another responded to questioning that he had heard facts which led him to have an impression as to the guilt or innocence of the defendant, and that he would not like to have a juror on the jury whose mind was in the same condition.

The third responded that he had heard the case discussed, had formed an opinion as to the guilt or innocence of the defendant that would require evidence to remove and did not know whether he could give the defendant a fair trial.

The district judge, in the case of each of these three prospective jurors, excused them on the challenge made.

The purpose of R.C.M. 1947, section 94-7122, was to require the ground of challenge to be stated before the challenger is in a position to predicate error on the court's refusal to sustain a challenge. It was not intended as a limitation upon

the power of the court in granting challenges which the facts warrant as here.

This court in State v. Huffman, 89 Mont. 194, 197, 198, 296 Pac. 789, 790, considered this question and said:

"Counsel for defendant assert that the county attorney did not state the correct ground of challenge, if the court was right, as the ground stated, 'implied bias' comes within the provisions of section 11960 [Revised Codes 1921, now R.C.M. 1947, section 94-7120] and, therefore, the court should have denied the challenge under the rule announced in State v. Byrne, 60 Mont. [317] 327, 199 Pac. 262, and State v. Vettere, 76 Mont. 574, 248 Pac. 179. The rule relied upon is not applicable to the situation here presented; in those cases this court was called upon to determine whether or not reversible error was committed in denying a challenge not based on proper grounds. Here we are asked to apply that rule to the action of the court in excusing a prospective juror, although the record does not disclose that an impartial jury was not thereafter obtained. Under the circumstances shown, there is no ground for reversal, * * *

"Further, the trial court is the judge of the weight to be given to the testimony adduced on a *voir dire* examination, and, if the trial court has any doubt as to the existence of such a state of mind as would disqualify a juror, the court should sustain a challenge to such juror in the interest of justice (State v. Russell, 73 Mont. 240, 235 Pac. 712), and, where a juror admits bias, his subsequent statement that he can consider the evidence impartially should be received with caution, for, 'even though a juror be biased, he will, it is said, seldom admit inability to act impartially.' (15 Cal. Jur. 430, and cases cited.)''

Likewise the rule is well settled that the court may of its own motion reject or discharge from service as a juror anyone who is disqualified, unfit or incompetent to serve even though no challenge whatsoever is made. 50 C.J.S., Juries, section 249, page 1005.

Here the persons challenged were actually incompetent and

unfit to serve and the defendant is in no position to complain that they were discharged or excused from serving.

The general rule stated in 50 C.J.S., Juries, section 195, pages ▮ 927, 928, is that the parties have no right to a trial by any particular juror or jurors until such juror or jurors have been accepted and sworn, their right being to reject but not to select.

Appellant's other specifications of error go to the sufficiency of the evidence to support the verdict. The state's case reveals that one Al Legard owned a brocket-faced calf, which was easily distinguishable and recognizable; that the calf disappeared from his ranch in Golden Valley County, Montana. The defendant had a ranch in Golden Valley County, Montana, and one in Wyoming. The calf was later found by its owner in Wyoming. The defendant had been seen near Legard's ranch about the time of the disappearance of the calf. Defendant denied having hauled cattle to Wyoming when first asked about moving cattle from Montana, but later it was proven and admitted by the defendant that he had hauled calves from Golden Valley County, Montana, to Wyoming right after the disappearance of the brocket-faced calf. It was also shown that defendant had had a brand inspection when transporting a load of calves and admitted having falsified the description of the brocket-faced calf. When approached by the owner of the calf, defendant denied any knowledge of it; later he admitted having had it and having sold it. Defendant thereafter returned the calf to its owner and attempted to suborn the owner to establish an alibi for the disappearance of the calf.

Appellant contends that all of the evidence is merely cir- ▮ cumstantial and not sufficient to support the verdict.

In State v. Russell, 93 Mont. 334, 339, 18 Pac. (2d) 611, 613 this court stated:

"It has been held by this court, following the rule recognized everywhere, that mere possession of property recently stolen is not alone sufficient to convict the possessor of the larceny of it, although it is a strong circumstance indicating guilt.

When, however, such fact is supplemented by other facts inconsistent with the idea that the possession is honest, such as the giving of a false or improbable explanation of it, or a failure to explain, where a larceny of the property is charged a case is made sufficient to submit to the jury.''

Further in that case, the court expressed the rule as to establishing the crime by circumstantial evidence. Therein the court quoting from State v. Ebel, 92 Mont. 413, 15 Pac. (2d) 233, declared:

'' 'The evidence is sufficient to meet the requirements as to proof of a crime by circumstantial evidence, towit, that the criminatory circumstances must be consistent with each other and point so clearly to the guilt of the accused as to be inconsistent with any rational hypothesis other than his guilt'.''

The possession of the calf by the defendant, the contradictory explanations of possession made by him as above recited; his attempt to suborn the owner in establishing an alibi were sufficient circumstances to justify the jury in concluding that dedefendant's actions were not consistent with honest possession and to warrant a conviction on circumstantial evidence.

The appellant contends that an honest mistake was made, that there was no intent to steal the calf, proven without which the defendant's acts would amount to a mere trespass. In State v. Kinghorn, 109 Mont. 22, 93 Pac. (2d) 964, 967, this court said, quoting from 9 Am. Jur., Burglary, section 74, pages 276, 277:

'' 'The strength of the inference or, in other words, the weight which is to be attached to such evidence is strong or weak according to the character of the property, the nature of the possession, its proximity to the time of the theft, the place of its possession, and the secrecy and the exclusiveness of the possession.

'' 'Ordinarily, of course, the mere possession of the stolen property is not the only incriminating fact. The possession of stolen property is frequently accompanied by incriminating circumstances, such as the character of the explanation of the

possession, the secrecy of the possession, a denial of the possession, the presence of the accused near the scene of the crime, his flight, etc.; and it is generally held that proof of such possession explained falsely, or not reasonably, or accompanied by other guilty circumstances is sufficient to carry the case to the jury and to support a conviction.' See, also, 12 C.J.S., Burglary, section 50, page 722.''

Certainly here as previously related there were many circumstances proven which would warrant the jury in finding an intent to steal the calf. The matter of the sufficiency of the evidence was considered by the trial judge on at least three occasions, on a motion to dismiss the information at the conclusion of the state's case, on a motion for a directed verdict, and again on a motion for a new trial. We see no abuse of the trial court's discretion in allowing the case to go to the jury and in denying the motion for a new trial.

The judgment and order appealed from are affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES BOTTOMLY, ANGSTMAN and ADAIR, concur.