MR. JUSTICE McDONOUGH
dissenting and concurring:
I dissent. The trial court’s ruling on Mahan’s challenges to jurors for cause was not clearly erroneous, and I would affirm the jury’s verdict. I concur, however, with the balance of the majority opinion.
If Mahan’s objection for cause to the two jurors was for a legal cause, this Court would be in as good a position as the trial court to decide the question. Instead, Mahan’s objection goes to the grounds of unqualified opinion, belief as to the merits, or existence of the state of mind evincing enmity against or bias in favor of a party. The majority has also alluded to Anderson’s possible physical incompetency. Disqualification of a juror on any of these grounds is a question of fact to be decided by the trial judge. Rule 47(a), M.R.Civ.P.; Simons v. Jennings (1935), 100 Mont. 55, 46 P.2d 704. By the very nature of a jury selection proceeding, the challenging party bears the burden of proof that the proposed juror should be dismissed for cause. Sirotiak v. H.C. Price Co. (Alaska 1988), 758 P.2d 1271; City of Kotzebue v. Ipalook (Alaska 1969), 462 P.2d 75, 77; Borman v. State (1967), 1 Md.App. 276, 229 A.2d 440; State v. Davis (App.1983), 137 Ariz. 551, 672 P.2d 480. For this Court to reverse a trial court’s ruling on a question of fact, we must find that the ruling is clearly erroneous. Rule 52(a), M.R.Civ.P.
*430 As with any trier of fact, the District Court has the advantage of observing a prospective juror’s demeanor and the tenor of his answers. Nonverbal communication skills are important on voir dire in the selection of a jury. See, V. Starr & M. McCormick, Jury Selection (1985), Chapters 11, 12, 13 and 14. The look on a prospective juror’s face sometimes indicates whether he correctly understands the question and how his answer is to be taken. This Court discussed the nature of jury selection proceedings in Watson v. City of Bozeman (1945), 117 Mont. 5, 10-11, 156 P.2d 178, 181:
“While we feel that under the circumstances of this case, on proper motion, the trial court should call in other jurors, we cannot say that its failure to do so constituted an abuse of judicial discretion. As is said in State v. Russell, supra [73 Mont. 240, 235 P. 712]: ‘The examination of a juror on his voir dire is no more nor less than the taking of testimony on the issues raised as to his qualifications to serve in the case before the court. . . . The determination must be left largely to the sound discretion of the trial court (Scribner v. State, 3 Okla.Cr. 601, 108 Pac. 422, 35 L.R.A., N.S., 985; Commonwealth v. Minney, 216 Pa. 149, 65 A. 31, 116 Am.St.Rep. 763) and, in determining the question, the trial court, as in passing upon any other question of fact established by oral testimony, has the advantage of observing the witness on the stand, his demeanor and candor, or lack of candor, and a review of the court’s rulings and findings should be governed by the same rules as in reviewing any other findings and judgment based thereon. They should not be set aside unless error is manifest, or there is shown a clear abuse of discretion.’ ”
It is clear from the colloquy among McCann, Anderson and the attorneys in this case that the jurors expressed an opinion, belief or preference. It is also clear, however, that the jurors said they would put these aside and follow the instructions of the court.
When jurors on voir dire make conflicting statements, it is a question of fact for the trial judge to decide whether they can act impartially. People v. Duncan (1960), 53 Cal.2d 803, 3 Cal.Rptr. 351, 350 P.2d 103; Rule 47(a), M.R.Civ.P. The statements made by these prospective jurors in response to questions by the court (and counsel for Cenex in Anderson’s case) conflicted with their prior responses to questioning by counsel. The court committed no manifest, clearly apparent, or obvious error, even in the “cold” record. The majority mischaracterizes the court’s questions as too general. In reality, *431 counsel’s questions were as general or more general than those asked by the court.
The proper approach for deciding whether a juror is impartial is found in State v. White (1968), 151 Mont. 151, 155-56, 440 P.2d 269, 272. In White, this Court quoted State v. Allison (1948), 122 Mont. 120, 199 P.2d 279, and said:
“It is a difficult matter at best to ascertain the real state of mind of a prospective juror with respect to detecting the existence of bias or prejudice against one accused of crime. For that reason this court has said (State v. Russell, 73 Mont. 240, 249, 235 P. 712, 715) that the determination of the qualification of a juror to serve in a case before the court ‘must be left largely to the sound discretion of the trial court.’ Again in State v. Huffman, 89 Mont. 194, 296 P. 789, 790, this court said: ‘. . . the trial court is the judge of the weight to be given to the testimony adduced on a voir dire examination. ‘ True, there are cases holding that when a witness has once admitted bias his subsequent statements that he can consider the evidence impartially should be viewed with caution. But granting the need for careful scrutiny of the testimony of a witness who has first said ‘no’ and then said ‘yes,’ it still remains the province of the trial court to decide where the truth lies and with that determination the appellate court will not interfere unless a clear abuse of discretion is shown. State v. Russell, supra.”
Although this Court said in Watson and White that appellate courts would not interfere unless a clear abuse of discretion is shown, with the adoption of Rule 52(a), M.R.Civ.P., the test should be whether the court’s decision is clearly erroneous.
The majority’s reference to the constitutional right of a jury trial is inappropriate. The right to four peremptory challenges is only statutory. See, § 25-7-224(1), MCA. The Legislature could raise or lower the number of challenges if it so desired. It is merely a means of obtaining a fair and impartial jury. There is no constitutional right to exercise peremptory challenges and the loss of such a challenge is not of constitutional dimension. Ross v. Oklahoma (1988), _U.S._, 108 S.Ct. 2273, 101 L.Ed.2d 80.
MR. JUSTICE GULBRANDSON and MR. JUSTICE McDON-OUGH would grant the petition for rehearing.