### BRAM v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11957.   Decided Feb 24, 1932

Cline & Patterson, Cleveland, for plaintiff in error.

Ray T. Miller Cleveland, and Thomas A. Burke, Jr., Cleveland, for defendant in error.

MAUCK, PJ, MIDDLETON and BLOSSER, JJ, (4th Dist), sitting.

MIDDLETON, J.

It is not necessary in our view of the record to refer in detail to more than one of the contentions of the defendant in this proceeding.  It appears from the bill of exceptions that the trial court in its general charge to the jury said that the defendant if the evidence justified, might be found guilty as an aider and abettor.  This instruction was repeatedly made to the jury in the general charge.

It is apparent, we think, from the evidence in the record that if the fire was incendiary the defendant alone promoted it.  There is not a scintilla of evidence to connect any other person or persons with the transaction.  The facts in evidence tended to establish that the fire was caused by an explosion of gas or vapor from exposed gasoline.  The evidence tended to show that the agency which caused this explosion was a lighted toaster which was found on one of the steps of the stairway leading from the ground floor of the building to the basement underneath.  There was also some evidence tending to show that an electric bulb was concealed in a hole in the basement which apparently had been attached to a live electric wire.  Both the toaster and the bulb were found in the basement after the fire was extinguished.  There was evidence given in explanation of how and in what manner burning electric lights or fire from such instruments would produce sufficient heat to explode the gas or vapor coming from exposed gasoline, and there was ample evidence establishing the fact of the exposure of gasoline.

The defendant testified that he securely closed the building and his storeroom and basement about 6:30 o'clock P. M. on the day of the fire, and the explosion was shown to have occurred about three hours later. There is nothing in the record in the way of any direct evidence or even circumstantial evidence which indicates that any person other than the defendant had access to the building on that evening after the defendant left the same or could have had access by reason of the secure manner in which the building was locked and closed.

While the defendant denied all knowledge of the fact that a toaster was in the basement and all knowledge of anything that might in any way have caused the fire, this testimony will not support a presumption that some other person had gained access to the building and was connected with the burning thereof. It is evident, we think, that the jury did not believe the testimony of the defendant in this respect, but if the jury found from the facts as developed by his evidence that he was not connected with the firing of the building the most that could be claimed from that conclusion would be that the jury inferred from all the evidence that some unknown agency was responsible for the explosion and the placing of the material in the building to cause that explosion. Under that state of facts, however, a presumption that the fire was caused by the act of some other person than the defendant can not by itself support the further presumption that the defendant was an aider and abettor of such unknown person. While an aider or abettor may be charged in the indictment as a principal he nevertheless must have a separate identity from such principal. One person in the same act and at the same time can not be both a principal and an aider or abettor. If the defendant did not commit the crime charged in the indictment there is no evidence whatever in the record to connect him with the act of some unknown person in respect thereto.

We conclude that the instructions of the court on this branch of the case were not justified or warranted under any facts in evidence and that the effect of such charges was to confuse the jury to the prejudice of the defendant and tended to permit them to resort to mere conjecture as to what might have occurred in bringing about the explosion and the firing of the building. Donald v State, 21 C. C. 139.

The other matters complained of in this proceeding are without any merit, but for the giving of the instructions referred to the judgment must be and is reversed.

MAUCK, PJ, and BLOSSER J, concur.