## ROTH v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12646.   Decided Jan 23, 1933

William J. Corrigan, Cleveland, for plaintiff in error.

Frank T. Cullitan, Prosecuting Attorney, Cleveland, and Thomas A. Burke, Jr., Ass't Prosecuting Attorney, Cleveland, for defendant in error.

GARVER, PJ, SHERICK and LEMERT, JJ (5th Dist), sitting.

SHERICK, J.

The court in its charge to the jury instructed them that they might find the defendants guilty of the crime of burning to prejudice an insurer as aiders and abettors. And the various errors complained of may, for our consideration, be consolidated and the question considered as to the correctness of the court's charge in the particular just indicated. It is pointed out and acquiesced in by the state that someone other than plaintiff in error set the fire in defendant's garment factory. It is earnestly insisted that the statute under which this indictment is drawn does not permit the jury to return a verdict against the person charged in the indictment as an aider and abettor, because the corpus delicti of the crime is the 'burning of the property by or through the procurement of the principal, with the intent of the principtal to prejudice the insurer'; hence there can be no interchanging relation between the principal and the aider and abettor, for the principal must always remain the principal.

Sec 12434 GC as it now stands re-enacted under date of April 5th, 1929, provides, that:

"Whoever wilfully and with intent to injure or defraud the insurer sets fire to or burns or causes to be burned or aids or procures the burning of any goods, wares, merchandise or other chattels or personal property of any kind, the property of himself or of another, which shall at the time be insured by any person or corporation against loss or damage by fire, shall upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than five years."

Counsel for the accused relies on two cases; the first of which is **Searles v State, 3 O.C.D., 478.** This was a case in which the defendant, the actual incendiary, was charged with having aided and abetted one Ries in burning a shop and goods therein belonging to Ries, with intent to prejudice an insurer. It was therein properly held in the eleventh syllabus that, "An aider and abettor may be prosecuted and convicted although his principal be not prosecuted,—but it is necessary that the proof on the trial of the aider and abettor be such as to show the principal guilty of the crime." From this premise the plaintiff in error reasons that being charged as the principal, he cannot at the same time be an aider and abettor to his own act.

This was, however, a prosecution under the statute as it existed prior to the date of its re-enactment. The statute then provided that the property burned must be the property of the incendiary. Now in that case it was not averred in the indictment or attempted to be proved that Ries burned the property. Neither was it charged that Ries had an intent to prejudice his insurer. It is, therefore, apparent, that under the old statute, Searles could not be found guilty as an aider and abettor under §12380 GC, if the State had not averred and proved the guilt and criminal intent of Ries, for Searles could not be guilty of aiding and abetting his principal when Ries had committed no crime, and the property did not belong to Searles. The court rightly decided the case, but its decision is not precedent in this case under the new statute.

· The second case relied upon is that of **Bram v State, 12 Abs 276.** Bram was charged with burning a store building wherein he had a stock of merchandise, the second count charged him with burning his merchandise. In that case the court charged that Bram might be found guilty as an aider and abettor. This was clearly error, for he was charged with the actual burning, and being the principal he could not be his own aider and abettor. Each must have a separate identity. But this case is not parallel to the one now before this court. The plaintiff in error is charged with having "caused to be burned goods," and as urged, 'it was done by someone other than the plaintiff in error,' and that other is in fact the principal to the actual burning.

In the case of **Haas v State, 103 Oh St 1 (4) 17 A.L.R. p. 1176,** our Supreme Court in

discussing old §12434 GC says that "the gravamen of the crime is the burning with intent to prejudice the insurer." And such is true of the present act. Its purpose is to prevent the fraudulent destruction of insured property. It is the rule that it is sufficient if the indictment charges the offense in the words of the statute. That was done in this case, and of which the accused may not complain. It is said in Haas v State, supra, that §12380 GC:

"Is but declaratory of the long recognized principle that generally what one may do in person he may do through the agency of someone else, and insofar as its application to the criminal law of Ohio is concerned, and insofar as it is a departure from the common law, it simply obviates the necessity of specifically charging such person as an aider and abettor, and enables the prosecution of a principal or an aider, or both, under the same or like indictment."

Now, under the present statute we note considerable change, and specially that which now permits one not an owner of the goods burned to be charged as a principal for the unlawful and criminal act. The 'someone' suggested by the plaintiff in error did set the fire. He could now be prosecuted as the principal offender under the act. That was not true under the old act as exemplified by the Searles v State, supra. Had the present act been then in force the judgment of the Circuit Court therein would no doubt have been otherwise. We feel that the reasons advanced should dispose of the claim of the plaintiff in error.

In view, however, of the discussion engaged in by the court in Bram v State supra, with respect to the proof of certain facts from which a presumption might be inferred that the accused was the aider and abettor of the unknown someone, we are disposed to make further comment for the reason that we do not entertain the same view as therein expressed. And, having this thought in mind, we have purposely refrained from a recitation of the facts in this case.

The case of Commonwealth v Acherowski, 196 Mass. 342, 82 NE 13, comprehends what we consider to be the correct rule of law applicable. In order that we might not be mistaken as to the facts in the case at bar we have read the complete record, and without hesitation, we may now say that the facts herein are practically the facts

before the court in the case just referred to. The defendants therein were charged as accessories before the fact to a principal whose name was unknown, and that the defendants procured the unknown person to commit the felony.

That court recognized that in order to sustain a conviction it was imperative to prove that the unknown did commit the felony charged, that is burned the goods with the specific intent to injure the insurers thereof. To state the facts or to quote all that we are inclined to approve of therein, would unduly extend our views herein expressed; we therefore summarize that court's holding and our present understanding. From the circumstantial facts proved, the jury had a right to draw an inference that the plaintiff in error had a guilty connection with the fire, that he must have procured someone and caused him to set the fire, for by the facts shown no one would have had ample opportunity to do the act without being in privity with him. From the facts proved, the jury was warranted in the inference that, that someone had knowledge of the insurance and acted for the purpose of injuring the insurer; for as the Massachusetts courts point out, there is a presumption that all men intend the natural and probable consequences of their acts. Even in capital cases the rule is indulged even though the evidence is purely circumstantial, and their inferences based on such facts if reasonable are not to be disturbed even though a court might conclude that another and different inference might be arrived at. That court in conclusion makes this justifiable statement:

"It is difficult to account for what the jury might find to have been done by this unknown incendiary by any other explanation than that he was laying the foundation for a large and perhaps a largely fictitious claim upon insurers of the property; and the jury were warranted in finding that this was the explanation of his conduct, that he knew of the insurance and was doing what he did for the purpose of injuring the insurance company by leading it to pay the defendant's, upon an unfounded claim to be made by them, a large sum of money in pretended satisfaction for their loss. This was enough. His intent to injure the insurance company was no less real if he expected to compel it to pay money to the defendants than if he expected to receive it himself."

Accordingly we are of the opinion that the jury was warranted in its determination from the circumstantial facts proved that the accused caused the fire to be made by his procured principal who had the knowledge and intent of defrauding his insurer. The jury was properly charged when the court instructed the jury that it must find an affirmative answer to the three following questions before it might find the accused guilty of the crime charged:

"First: was the fire caused by the unlawful act of someone? Was it incendiary in its origin, that is, unlawfully started?

Second, did the defendants, or either of them, procure others or aid or abet others or conspire with others to set said fire and cause the burning of said merchandise?

Third, did the defendants, or either of them, procure others, or aid or abet others, or conspire with others to cause said fire and burn said merchandise with intent to defraud the insurers of said property?"

Finding no prejudicial error, the judgment is affirmed.

GARVER, PJ, LEMERT, J, concur in judgment.