## GROSS AND WEISSFELD v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12774.  Decided Feb 20, 1933

Orgill, Maschke and Wickham, Cleveland, and H. Frank Van Lill, Cleveland, for plaintiff in error.

F. T. Cullitan, Cleveland, and Thomas A. Burke, Cleveland, for defendant in error.

MAUCK, BLOSSER and MIDDLETON, JJ, (4th Dist), sitting.

MAUCK, J.

(1) It is complained that the court erred in instructing the jury regarding the provisions of §9583 GC. This is the statute that requires payment in full for an insured building totally destroyed by fire. If this were an action to recover on the policy of insurance and if an entire loss were not claimed by the insured, the pertinency of the statute might not be apparent, where, however, the parties were charged with an unlawful burning and the evidence tended to show an effort to destroy the entire building, the statute in question became of much significance. It bore heavily on the possible motive for incendiarism unaffected by the fact that the destruction had not been as complete as hoped for. This, we think, not only explains the aptness of the statute mentioned in the court's charge, but it illustrates what we feel regarding the presence of motive in the case.

(2) The defendants submitted eight special instructions with request to charge. All were refused as special charges. Some of them were erroneous; the others were sufficiently complete and more fairly given in the general charge.

(3) It is further claimed that the court erred in charging that

"it is for the jury to examine these policies received in evidence and determine from them and the other evidence in the case whether or not there was a loss of such a nature as would require the payment of money under the policies and furnish a motive to start the fire."

This charge was free from error. §12433-1 GC, under which the indictment was formed requires that the burning be either a malicious one or that it be with intent to defraud. In this case the motivating spirit sought to be proven by the State was a fraudulent intent and the particular fraud was one against the insurance companies. The theory of the State was that if there had been no insurance policies there would have been no fire. This instruction might well have gone further and have directed the jury to consider not only whether the policy and other evidence showed that there was such a loss as would require the payment of money, but whether those responsible therefor thought that the loss would require such payment.

(4) The question decided in **Bram v State,** (12 Abs 276) is not present in this case. Here each of the defendants may have aided the other and both may have aided still others.

(5) The question that has given us most concern is that of the weight of the evidence. The State's case was not a strong one, bearing in mind the degree of proof required, but we cannot say that the verdict was wrong.

Judgment affirmed.

BLOSSER and MIDDLETON, JJ, concur.