THE STATE OF OHIO, APPELLEE, *v.* KOONTZ, APPELLANT. ▮

[Cite as State v. Koontz (1979), 65 Ohio App. 2d 264.]

(No. E-78-66—Decided September 14, 1979.)

*Mr. John A. Pfefferle,* prosecuting attorney, for appellee.
*Steinemann, Zeiher, Beamer & Schell Co., L.P.A.,* and *Mr. George C. Steinemann,* for appellant.

POTTER, P. J.    The defendant-appellant, Thomas Koontz, was indicted for a violation of R. C. 2909.02(A)(2) in that he "***did by means of fire knowingly cause physical harm to an occupied structure, to wit: the Ohio Motor Hotel, 609 W. Washington St., Sandusky, Ohio, in violation of the Ohio Revised Code***Section 2909.02***."

Subsequently, over objection of the defendant, the indictment was amended, prior to the commencement of the trial, to read as follows:

"That on or about the 6th day of December 1977, at Erie County, Ohio, Thomas Koontz did by means of fire, through the offer of an agreement for hire, knowingly cause a substantial risk of serious physical harm to any person, or of physical harm to any occupied structure, to wit: the Ohio Motor Hotel, 609 W. Washington St., Sandusky, Ohio, in violation of the Ohio Revised Code, Sec. 2909.02(A, 3) [*sic*]."

After trial to a jury in the Court of Common Pleas of Erie County, defendant was found guilty. The trial court sentenced him to a term of not less than four nor more than twenty-five years, and the defendant was ordered to pay a fine of $10,000 and costs.

The first assignment of error is as follows:

"1. The trial court erred in permitting the state to amend the indictment over appellant's objection."

Defendant argues that R. C. 2909.02(A)(3) is an entirely different crime from R. C. 2909.02(A)(2) with different allegations and offenses. Defendant relies upon general propositions of law contained in *State* v. *Washington* (1978), 56 Ohio App. 2d 129; *United States* v. *Goldstein* (C.A. 3, 1974), 502 F. 2d 526; *United States* v. *Pandilidis* (C.A. 6, 1975), 524 F. 2d 644, certiorari denied (1976), 424 U. S. 933; and more specifically in *State* v. *Hallam* (Mont. 1978), 575 P. 2d 55. We hold that these cases are either distinguishable or not controlling. In regard to the precedential value of the federal cases, it should be noted that Fed. R. Crim. P. 7(e) permits the amendment of an information only. Federal courts do not permit an indictment to be amended. See Wright, Federal Practice and Procedure 271, Section 127.

The state relies upon the provisions of Crim. R. 7(D) which provides as follows:

"(D) Amendment of indictment, information or complaint. The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, *provided no change is made in the name or identity of the crime charged.* If any amendment is made to the substance of the indictment, information or complaint, or to cure a variance between the indictment, information or complaint and the proof, the accused is entitled to a discharge of the jury on his motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that his rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. Where a jury is discharged under this subdivi-

sion, jeopardy shall not attach to the offense charged in the amended indictment, information or complaint. No action of the court in refusing a continuance or postponement under this subdivision is reviewable except after motion to grant a new trial therefor is refused by the trial court, and no appeal based upon such action of the court shall be sustained, nor reversal had, unless from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted." (Emphasis added.)

We find that pursuant to Crim. R. 7(D), there was no change in the name or identity of the crime charged, and that Assignment of Error No. 1 is not well taken.

As enacted in 1974, R. C. 2909.02 did not contain subdivision (A)(3). However, the act of procuring an unknown person to commit the felony subjected the procuring party to be prosecuted as an aider and abettor under R. C. 2909.02 prior to the amendment of the statute in 1976 (see 136 Ohio Laws 697). Compare the following from *Roth* v. *State* (1933), 44 Ohio App. 420, at pages 424 to 425:

"The case of *Commonwealth* v. *Asherowski,* 196 Mass., 342, 82 N.E., 13, comprehends what we consider to be the correct rule of law applicable. In order that we might not be mistaken as to the facts in the case at bar we have read the complete record, and, without hesitation, we may now say that the facts herein are practically the facts before the court in the case just referred to. The defendants therein were charged as accessories before the fact to a principal whose name was unknown, and charged with having procured the unknown person to commit the felony.

"That court recognized that in order to sustain a conviction it was imperative to prove that the unknown did commit the felony charged; that is, that he burned the goods with the specific intent to injure the insurers thereof. To state the facts or to quote all that we are inclined to approve therein would unduly extend our views herein expressed; we therefore summarize that court's holding and our present understanding. From the circumstantial facts proved, the jury had a right to draw an inference that the plaintiff in error had a guilty connection with the fire, that he must have procured some one and caused him to set the fire, for by the facts shown no one would have had ample opportunity to do the act without being

in privity with him. From the facts proved the jury was warranted in the inference that * * * some one had knowledge of the insurance and acted for the purpose of injuring the insurer; for, as the Massachusetts court points out, there is a presumption that all men intend the natural and probable consequences of their acts. Even in capital cases the rule is indulged even though the evidence is purely circumstantial, and inferences based on such facts if reasonable are not to be disturbed, even though a court might conclude that another and different inference might be arrived at. The Massachusetts court in conclusion makes this justifiable statement: 'It is difficult to account for what the jury might find to have been done by this unknown incendiary by any other explanation than that he was laying the foundation for a large and perhaps a largely fictitious claim upon insurers of the property; and the jury were warranted in finding that this was the explanation of his conduct, that he knew of the insurance and was doing what he did for the purpose of injuring the insurance company by leading it to pay to the defendants upon an unfounded claim to be made by them a large sum of money in pretended satisfaction for their loss. This was enough. His intent to injure the insurance company was no less real if he expected to compel it to pay money to the defendants than if he expected to receive it himself.'

"Accordingly, we are of the opinion that the jury, from the circumstantial facts proved, was warranted in its determination that the accused caused the fire to be made by his procured principal who had the knowledge and intent of defrauding his insurer.***" See, also, 5 American Jurisprudence 2d 821, Arson and Related Offenses, Section 26.

The case of *Stone* v. *Commonwealth* (Ky. 1967), 418 S.W. 2d 646, is of like effect; see headnote 5 of *Stone* v. *Commonwealth, supra,* at page 647, which reads, in part, as follows:

"Substantial rights of defendant were not prejudiced by amendment of indictment charging defendant with setting fire to and burning storehouse known by certain name by adding charge that he aided, counciled [*sic*] or procured burning of a storehouse.***"

In 1976, the legislature, by adding subdivision (A)(3) (see 136 Ohio Laws 697), spelled out what has been in effect

through the rule of aider and abettor. The thrust of all the foregoing is that there has been no change in the name or identity of the crime charged and no failure of justice has resulted.

Assignment of Error No. 2 is as follows:

"2. The court erred when it failed to grant appellant's motion for acquittal in that:

"(a) The state failed to prove beyond a reasonable doubt that the cause of the fire was arson;

"(b) The state failed to prove the existence of a present offer of an agreement for hire to burn the Ohio Motor Hotel[;]

"(c) The jury had to rely on an inference based on an inference in order to convict the appellant."

This court has reviewed the record. There was, of course, conflicting evidence but the trier of facts concluded that all the elements of the offense had been proven beyond a reasonable doubt. See *State* v. *Eley* (1978), 56 Ohio St. 2d 169. The credibility of the witnesses was for the jury to determine. The state offered expert witnesses and testimony as to the incendiary nature of the fire and to the presence of the accelerant, turpentine, on the debris. Witness Moody, and particularly witness Dennis Whaley, testified as to proposals by the defendant to them to burn the building and as to defendant's statement to the effect that he had procured a party to burn the building. The transcript from the videotape testimony of Dennis Whaley reads, in part, as follows:

"A. * * * That's when he says, 'Make sure I go to Bellevue.' He said, 'Because the fire's gonna be set.' I asked him 'When?' He says that following Sunday.

"Q. Now, when is this?

"A. It was on a Saturday or Friday, I think it was.

"Q. What year and what month?

"A. It was right around Christmastime.

"Q. Of 1977?

"A. * * * He told me—I said, 'Well, who's gonna do the job?' He says, 'Somebody nobody knows but me.'

"Q. Is this what he told you?

"A. Yes, sir.

"Q. Well, what did he say, 'Somebody that nobody knows but him'?

"A. Right. Yes, sir.

"Q. Did he ever tell you who that someone was?

"A. No, sir.

"Q. Did you ever set the fire?

"A. No, sir.

"Q. But Tom Koontz hired somebody to set the fire?

"Mr. Steinemann: Objection.

"A. Yes, sir.

"Q. He did tell you?

"A. Yes, sir."

As to that portion of the assignment of error relative to the claim that the jury was permitted to draw an inference on an inference, we again refer to *Roth* v. *State, supra.* In that case, the court stated that "***the jury had a right to draw an inference that the***[defendant] had a guilty connection with the fire, [and] that he must have procured some one and caused him to set the fire***." *Id.,* at page 424. Furthermore, the testimony in the case *sub judice,* set forth above, supports an admission by defendant of this fact. Assignment of Error No. 2 is not well taken.

Assignment of Error No. 3 is as follows:

"3. The court erred when it failed to grant the appellant's motion for a new trial."

Assignment of Error No. 5 is as follows:

"5. The evidence presented by the state was insufficient to convict the appellant, Thomas Koontz, of the crime of aggravated arson and failed to prove its case beyond a reasonable doubt."

Assignments of Error Nos. 3 and 5 are repetitious of other assignments of error and for the same reasons are not well taken.

Assignment of Error No. 4 is as follows:

"4. The court erred when it permitted the state to use a videotape deposition of Dennis Whaley in lieu of his actual appearance in court."

We find that this assignment of error is not well taken and that the videotape deposition was properly taken and admitted pursuant to Crim. R. 15, which reads, in pertinent part, as follows:

"(E) How taken. Depositions shall be taken in the manner provided in civil cases. The prosecution and defense shall have the right, as at trial, to full examination of witnesses. A deposi-

tion taken under this rule shall be filed in the court in which the action is pending.

"(F) Use. At the trial or upon any hearing, a part or all of a deposition, so far as otherwise admissible under the rules of evidence, may be used if it appears: that the witness is dead; or, that the witness is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or that the witness is unable to attend or testify because of sickness or infirmity***."

Assignment of Error No. 6 is as follows:

"6. The court erred when it permitted the remaining structure of the Ohio Motor Hotel to be torn down prior to the trial of this matter."

Assignment of Error No. 6 is not well taken. No prejudice has been shown by the defendant. Defendant's expert had access to the building prior to its demolition and testified at length as to his findings.

The judgment of the Court of Common Pleas of Erie County is affirmed.

*Judgment affirmed.*

BROWN and CONNORS, JJ., concur.