22  425<br>29  276

STATE, RESPONDENT, *v.* LITTLE WHIRLWIND, APPELLANT.

[No. 1,339.]

[Submitted April 3, 1899. Decided April 11, 1899.]

*Homicide—Indictment or Information— Waiver of Objections —Privileges and Immunities of Citizens—Indians—Trial —Presence of Accused.*

1. Constitution, Article III, Section 8, providing that prosecutions shall be either by information or indictment, and authorizing the court to decide which method shall be pursued in each particular case, is not an abridgement of the privileges and immunities of citizens.
2. The presence of accused is not necessary at a proceeding to obtain leave of court to file an information against him.
3. State courts have jurisdiction of crimes committed against whites outside of an Indian reservation, by Indians maintaining tribal relations on a reservation within a state, in charge of the federal government.
4. An objection that a petition for leave to file an information for homicide stated the wrong Christian name of deceased is waived when not raised in the trial court.
5. Accused need not be present in court during the argument of a motion to quash the information, since such proceeding is no part of "trial."

o

*Appeal from District Court, Custer County; C. H. Loud, Judge.*

LITTLE WHIRLWIND was convicted of murder in the second degree, and appeals. Affirmed.

*Sanders & Sanders, Geo. R. Milburn, · Geo. W. Farr* and *C. L. Merrill,* for Appellant.

*C. B. Nolan, Attorney General,* for the State.

HUNT, J. Defendant was jointly informed against with Yellow Hair, Spotted Hawk, and others for the murder of John Hoover at Custer county, on May 1, 1897. The information herein being the same under which Spotted Hawk, upon separate trial, was convicted of murder in the first degree, as set forth and considered in our opinion in *State* v. *Spotted Hawk ante,* p. 33, 55 Pac. 1026. This defendant had a separate trial. A verdict of guilty of murder in the second degree was rendered against him, and thereafter, on December 1, 1897, he was sentenced to prison for life. He appeals to this Court from the judgment only, without a bill of exceptions or statement reciting the evidence. Being limited, therefore, in our examination, to but a few propositions which the appeal raises, we briefly refer to them *seriatim.*

1. It is forcibly contended that the prosecution by information was without authority of law. In his brief upon this point, appellant's counsel dwells upon the unconstitutionality of the powers vested by the Constitution and laws of Montana (Const. Art. III, Sec. 8, and Criminal Code) in the district courts and the county attorneys of the several counties of the state to allow and conduct prosecutions by one of the two forms—information or indictment. He says that, if there were a provision of the Constitution attempting to prescribe who shall be prosecuted by indictment and who by information, it would be in contravention of the fourteenth amendment of the Constitution of the United States, and from that assumption—which, for present purposes, we may accept

as true—he urges that, where there is no attempted classification of those who shall be amenable to the one form of prosecution and not to the other, it follows that authority in a court to say which method shall be set in motion, especially in the absence of the person interested, is arbitrary, and a discrimination of equality of essential right which violates the federal constitution.    We find ourselves unable to agree with the reasoning of the learned counsel.    Prosecution by information is constitutional where there has been examination and commitment, or after leave has been given by a court. Prosecution by indictment is constitutional even without such examination or commitment, or without leave of court.    Safeguards are thrown about the exercise of the power to prosecute by information, not necessary where indictment is the form invoked; but it is fully as constitutional.    The provisions of the Constitution of the State authorizing prosecution by these two methods were discussed at some length in *State* v. *Brett,* 16 Mont. 360, 40 Pac. 873, and, after full consideration of the authorities, procedure by information, after leave obtained, was there decided not to be a deprivation of the liberty of the citizen without due process of law, or an infringement abridging the privileges and immunities of citizens of the United States as guarantied by the fourteenth amendment to the federal constitution.    Now, it being true that both modes of prosecution are constitutional, it follows that neither is unconstitutional if the conditions exist under which the method chosen may be exercised.

These propositions rest upon this principle:    It is not an infringement of the constitutional rights and immunities of the citizen of the United States for the state to exert its power by adopting any system of judicature it sees fit, provided it keeps itself within what Justice Matthews, for the Supreme Court of the United States, called "the limits of those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and the greatest security for which resides in the rights of the people to make their own laws, and alter them at their pleasure." (*Hurtado*

v. *People*, 110 U. S. 516.) A classification by law which selected for prosecution by information only all crimes committed by Indians and negroes, but which authorized Caucasians to be prosecuted for crimes by information or indictment, might possibly be obnoxious to the fourteenth article of amendments to the constitution of the United States, as violative of fundamental principles of equal rights. But we are of the opinion that the vesting of power in a court to decide which of two modes may be pursued in the prosecution of criminal cases, where either one of two is lawfully authorized by the Constitution of the State, and where equal protection of the law of either forum is accorded all persons under like circumstances, is not a delegation to the courts of the power to discriminate between citizens to their disadvantage or inequality of right; nor can we believe that the citizen may compel the state to prosecute him by indictment in preference to information, unless his case is one where the constitution or law has confined the power to but the one mode only, or unless the mode selected is arbitrary and unjustly exercised.

The formalities precedent to filing an information afford security to the citizen by the guaranty of either the preliminary hearing or the leave of court,—formalities and restrictions deemed and doubtless truly as ample in their security as those afforded by inquisition through a number of citizens impaneled and sworn as a grand jury; hence no injustice is done by adopting the one method of prosecution rather than the other. Upon the ground, therefore, that information is the mode chosen, the defendant has no cause for complaint.

2. Nor do we think that a defendant's presence, when leave to file an information is obtained, is necessary. The application for leave is but a preliminary step towards making a charge. It is in itself no charge; it does not authorize an arrest, or raise an issue to which defendant is expected to reply. The object is security against oppression by the reservation of the check of judicial action. No one ever heard of the defendant's presence being insisted upon under such circumstances. Indeed, how could it be? The defendant is often

at liberty, beyond immediate reach, and his whereabouts entirely unknown. To say that his presence is necessary when leave to file an information is asked or given, would frequently abrogate the power of prosecution by information, because, if defendant were a fugitive, or absent when petition for leave to file a charge is passed on, his presence could not be had, for no warrant could issue; hence his absence would defeat the filing of the information at all. As well as might he insist that he be present when a grand jury investigates a matter in which he is interested. Reasoning on this line carries us to an absurd, but inevitable, conclusion.

3. It is next said that defendant is a Cheyenne tribal Indian, over whom the District Court in and for Custer county had no jurisdiction in the matter of the crime charged. This point was settled adversely to the appellants in *State* v. *Spotted Hawk, supra.* It is unnecessary to discuss it again.

4. The court granted leave to file an information upon a petition stating the name of the deceased as William Hoover, whereas his name was John Hoover. Defendant did not raise the question of this variance in the district court, and is not in a position to have it considered here. It is argued he could not waive his right to object. We hold otherwise. It is of far less importance to him than the information itself to which he must plead, yet he may waive a verification to that, as he may waive many other rights of far greater significance than a mistake in a name in the petition filed asking leave to file an information. (*State* v. *Brantly,* 20 Mont. 173, 50 Pac. 410.)

5. It is also said that "the trial proceeded against defendant upon his motion to quash while he was absent from the court." This question was likewise presented in the Spotted Hawk case, where it was held that by a trial in criminal proceedings is meant proceedings in open court after the pleadings are finished, and the case is otherwise ready, and that the trial continues until after the rendition of the verdict. We affirm that ruling without repeating the reasoning for it.

This disposes of the main points urged in appellant's brief.

We are constrained to hold that defendant's rights do not appear to have been disregarded. The judgment is affirmed.

*Affirmed.*

BRANTLY, C. J., and PIGOTT, J., concur.