STATE EX REL. JUHL, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(Nos. 7,888 and 7,889.)

(Submitted November 10, 1938. Decided December 3, 1938.)

[84 Pac. (2d) 979.]

*Mr. Wellington D. Rankin, Mr. J. R. Wine* and *Mr. Arthur P. Acher,* for Relator, submitted a brief; *Mr. Rankin* and *Mr. Wine* argued the cause orally.

*Mr. Harrison J. Freebourn,* Attorney General, *Mr. Carl N. Thompson,* Assistant Attorney General, and *Mr. John F. McGough,* County Attorney of Jefferson County, for Respondent, submitted a brief; *Mr. Thompson* and *Mr. McGough* argued the cause orally.

MR. JUSTICE MORRIS, delivered the opinion of the court.

September 10, 1935, two informations were by leave of court filed in Jefferson county. One charged Everett Juhl with the willful and unlawful killing of John Haab; the other charged Everett Juhl with a felony founded upon defendant's failure to render the injured person attention after having run him down and killed him on the highway near the town of Clancy. The crimes were alleged to have occurred on September 1, 1935.

The defendant was arraigned, pleaded not guilty, and was released under bonds. March 10, 1936, was fixed as the date of trial. On motion of defendant's counsel the date of trial was vacated, and thereafter the cases were set for trial on October 13, 1938. On October 10, 1938, a new district judge having been elected in the meantime, counsel for defendant appeared and moved the court that both causes be dismissed on the ground that the defendant had not been brought to trial within six months. The motions were not opposed by the county attorney and the same were granted.

Thereupon, at the same time and in open court, the county attorney presented new informations to the court charging the defendant with the same crimes as those charged in the old informations, and asked leave of court to file the same, which was granted. Counsel for defendant moved to set aside the leave to file on the ground that "the application for said orders does not state facts sufficient to constitute probable cause and insufficient facts are shown to authorize leave to file." The motions were denied. The applications for leave to file set out no facts but by reference to the old informations obviously depended upon the old for facts to support the new. Counsel then moved to quash the informations, alleging in substance the same grounds in support of these motions as were advanced to support the motions to set aside. The motions to quash were also denied. A motion for a bill of particulars was likewise denied. Demurrers to the informations were interposed on the ground that the facts set forth as constituting the crimes did not state public offenses, and further that they were not direct and certain as to the circumstances of the offenses charged and insufficient to advise the defendant as to what it would be necessary for him to do to prepare his defense. The demurrers were overruled and thereupon defendant petitioned this court for an alternative writ of supervisory control, commanding the district court to dismiss the informations, or show cause why it should not do so on a date to be specified in the order. Our order was issued authorizing the alternative writ and fixing the return day as

November 10, 1938, and restraining the district court and judge from further proceedings in the matter until the further order of this court. On the return day counsel for the state moved to quash the writ and dismiss the proceeding. We proceeded to hear the motion to quash and the arguments on the merits together.

The relator's attack is along the line indicated by his several motions to quash, to set aside and his demurrers to the informations. The fact is emphasized that the request submitted to the district judge by the county attorney was insufficient to move the discretion of the court to grant the leave to file.

Section 11891, Revised Codes, provides: "The indictment or information must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases: * * * If it be an information—1. That leave to file the same had not been granted by the court; * * * ."

On the question of "leave to file" this court has heretofore ▆▆ commented upon the subject, but has not laid down any definite rule as to what must be presented to the court to move its discretion either to grant the leave to file or deny the same.

In *State* v. *Brett,* 16 Mont. 360, 40 Pac. 873, it was said: "One of two methods of procedure is indispensable where an information is filed,—either there must have been an examination and commitment, or there must have been leave of court procured. But both steps are not required. A plain interpretation of the words of the Constitution by which every clause of the section quoted shall be effective leads to this conclusion."

In *State* v. *Martin,* 29 Mont. 273, 74 Pac. 725, it was said: "Obtaining leave to file an information without a previous examination of the accused before a committing magistrate is not a mere perfunctory matter which should be granted as of course, but rests in the sound discretion of the district judge, upon the showing made to him at the time. The facts, however, from which the court draws its conclusions that such leave should be granted, need not be embodied in the application therefor. It is sufficient if reasons satisfactory to the court are presented,

whatever may be the form or manner of their presentation. An abuse of discretion materially prejudicing a substantial right of the accused would be ground for reversal, but no such question appears in this case; no such showing is made; and the appellate court cannot presume that the trial court exceeded its authority or abused its discretion."

In *State* v. *Vuckovich,* 61 Mont. 480, 490, 203 Pac. 491, it was said: "Defendant moved to set aside the information for the reason that he had not been committed by a magistrate, and that not sufficient evidence had been presented to the court to warrant the court in granting leave to file the same. This motion was overruled. A demurrer was then interposed on the grounds that the information was not sufficiently specific, was verified, and did not state a public offense, which demurrer was overruled. A demand for a bill of particulars was then made, which was denied. It appears that the copy of the information delivered to the defendant at the time of his arraignment did not contain the words 'a felony' after the phrase 'of murder in the first degree,' as appears in the information filed. On discovering this fact defendant again moved to quash the information for the reason that a true copy had not been given to him. The court ordered the words inserted in the copy, and overruled the motion. Thereupon defendant again successively moved to quash, demurred, and demanded a bill of particulars, all of which were overruled and denied.

"The right of the court to grant leave to file an information without previous examination by a committing magistrate is settled law in this state. It is authorized by the Constitution (sec. 8, Art. III), granted by the statute (secs. 9105, 8929), and confirmed by numerous decisions of this court (*State* v. *Brett,* 16 Mont. 360, 40 Pac. 873; *State* v. *Spotted Hawk,* 22 Mont. 33, 55 Pac. 1026; *State* v. *Little Whirlwind,* 22 Mont. 425, 56 Pac. 820; *State* v. *Bowser,* 21 Mont. 133, 53 Pac. 179; *State* v. *Martin,* 29 Mont. 273, 74 Pac. 725).

"The facts on which the court acts in granting leave must be satisfactory to the court 'whatever may be the form or manner

of their presentation.' (*State* v. *Martin,* supra.) The county attorney is a constitutional officer (Article VIII, sec. 19, Constitution), acting under oath, vested with authority, and it is his duty to inquire into alleged violations of law, to institute criminal proceedings, and to represent the state in matters and proceedings in his county (sec. 3052, Rev. Codes), signs all informations (sec. 8921, Rev. Codes), and may make 'application for leave to file an information before an examination, commitment, or admission to bail' (sec. 8928, Rev. Codes), and when the application, as in this case, is accompanied by an affidavit and the court is satisfied with the report thus made, it may act thereon and grant such leave, although it may require additional information if it so desires.''

In *State* v. *Kacar,* 74 Mont. 269, 274, 240 Pac. 365, it was said: ''A hearing was had upon defendant's motion [to quash the information], at which testimony was taken from .which it appeared: That the defendant was not given a preliminary hearing before a magistrate, that a deputy attorney appeared in open court and orally requested leave to file an information against the defendant, presenting a written request for such leave, signed by the county attorney, which was granted, following which the information was filed immediately. In the written request, the county attorney represented to the court, among other things, that the defendant had been arrested, accused of the crime of murder, alleged to have been committed in Silver Bow county, and that he had conversed with the witnesses on behalf of the state with reference to the accusation and from his investigation he was satisfied 'that the defendant is guilty as charged.' The court deemed the written request sufficient, and we think it exercised its discretion properly in so doing. The county attorney was not required to support his written motion with an affidavit, nor was it necessary that he set forth therein with technical accuracy, the facts constituting a formal charge. The statements made by him were under his official oath.''

In *State* v. *Foot*, 100 Mont. 33, 39, 48 Pac. (2d) 1113, this court said: "This court in the case of *State* v. *Bowser*, 21 Mont. 133, 53 Pac. 179, 180, said: 'We said in the case of *State* v. *Brett*, 16 Mont. 360, 40 Pac. 873: "It is not necessary, in order to vest power in the county attorney to file an information, that there shall be a preliminary examination and commitment. He may act, after leave has been granted by the court, in a case like the one at bar, where there may not have been any charge or information before a committing magistrate." And we say now, further, that there can be no interpretation put upon any statute of the state which will take away the constitutional right of prosecution by information filed in the district court after leave has been granted by the court, where there has been no examination and commitment, or where there has been no prosecution by indictment. The true construction of section 1910 [now 11891] of the Penal Code is that an information must be set aside: First, if it be a·fact that leave to file the same has not been granted by the court; or, second, if it be a fact that before the filing thereof the defendant had not been legally committed by a magistrate.' "

Leave of court to file an information, although an old common-law practice, is not followed generally in other jurisdictions. The statutory provisions of California, from which we took our sections 11801 and 11891, sections 809 and 995 of the California Penal Code, make no provision for obtaining leave of court to file an information. However, from the various decisions of this court above quoted from, it is quite obvious that obtaining leave of court has never been considered merely a perfunctory matter in this jurisdiction, but must be attended with more or less formality.

It has always been the policy of the legislature, carefully observed by our court, to provide for the strict construction of penal statutes in the interest of the accused. We think the proper course to pursue in all such matters is well expressed in the case of *McSwane* v. *State*, 200 Ind. 548, 165 N. E. 319, where it is said: "It is essential that there shall be a strict compliance

316

with legislative requirements concerning commencement of a criminal action.'' And this court said in *State ex rel. Foot* v. *District Court*, 81 Mont. 495, 501, 263 Pac. 979, 981: ''The law seeks no unfair advantage over a defendant, but is watchful to see that the proceedings under which his life or liberty is at stake shall be fairly and impartially conducted.''

If an application made by the county attorney to the district judge for leave of court to file an information against any person shall be granted as a matter of course, we can conceive of no reason why the county attorney should be required to file his motion for leave of court in writing accompanied by certain other formalities provided by the statute. It seems to us that there must be sufficient facts and information presented to the court to move the discretion of the court; otherwise, it would be merely a perfunctory proceeding and contrary to a number of the decisions of this court, to some of which we have alluded.

Our conclusion is that when the informations filed on September 10, 1935, were dismissed on October 10, 1938, and new informations filed, it was necessary before the court would be justified in granting the leave to file the new informations, that the application therefor by the county attorney should be just and complete and formal as though the matter had never been before the court, whereas the county attorney merely stated in his application to file: ''The county attorney is satisfied that the defendant is guilty of the crime of felony as charged in the information as originally filed.''

Unless we change the former rulings of this court and hold that granting of the request of the county attorney to file an information is merely a perfunctory matter, we must hold that motion for leave to file an information must be complete in itself and not dependent on any former information which has become *functus officio;* and we further hold that there were not sufficient facts presented to the court to move its discretion to grant the leave to file the new informations against the defendant. Let the writ issue.

Mr. Chief Justice Goddard and Associate Justices Stewart, Anderson and Angstman concur.