PETITION OF LEROY H. JONES.

Petition for Rehearing in Cause No. 10703, denied December 27, 1963.

See 143 Mont. 19, 386 P.2d 747.

387 P.2d 912.

PER CURIAM.

On petition for rehearing.

Petitioner has filed herein a petition for rehearing to which he has annexed photostatic copies of his medical records from the United States Navy, and calls our attention to the fact that his former description of the mental disorder from which he alleges he suffers was incorrect and that the proper terminology should be traumatic encephalopathy. These records cover the period of his service from early in 1943 to his discharge in May of 1945.

An examination of these records indicate that in early March of 1943 he suffered an injury to his right index finger and was treated and returned to duty; in August of the same year he received powder burns upon his face and eyes in the discharge of a cartridge at close range and he was treated, hospitalized and returned to duty in December. In February of 1944 he developed an abscess which was treated and he returned to duty in March, 1944. In July of 1944 he was again admitted to the hospital and after treatment returned to duty in the same month. In August of 1944 he was again admitted to the hospital for psychiatric observation. He was examined

from time to time and in February, 1945, the diagnosis was acute alcoholism. In March following further treatment and observation this diagnosis was changed to traumatic encephalopathy and he was found to be unfit for service and subsequently discharged.

The record further discloses that petitioner either wanted to be discharged from the service or put back to overseas duty, but it was felt that it might be hazardous to return him to a combat outfit in view of his record for fighting, threatening an officer and drunkenness. His record is replete with infractions of Navy regulations which resulted in numerous penalties being assessed against him. With this record of misconduct while in the service and with full knowledge of the condition of petitioner gained from his treatment and observation as herein stated, the Navy discharged him from the service. It is only reasonable to assume that it was not felt that he was suffering from any mental deficiency that would cause him not to know right from wrong.

The foregoing sketchy recital of what petitioner's own records show fails to demonstrate or even suggest any inability to know right from wrong; or that as petitioner puts it, "he was not a responsible person at the time of the crime of shooting and butchering a steer calf * * *."

In addition, petitioner suggests that this court should rule on allegations of "Illegal Search and Seizure and Denial of Examination and Bail." There simply is no merit in any of petitioner's contentions, and to attempt to discuss such assertions would be of no value. Petitioner also asserts that counsel to act in petitioner's behalf should have been appointed. Lacking any showing of merit, this would be a needless and wasteful act on our part.

For the foregoing reasons the petition is denied.