**LeRoy H. JONES, Petitioner,**

v.

**STATE OF MONTANA and Edward Ellsworth, Jr., Warden of the Montana State Prison, et al., Respondents.**

**No. 1160.**

United States District Court
D. Montana,
Butte Division.

July 2, 1964.

---

**532**

Krest Cyr, Butte, Mont., for petitioner.

Forrest H. Anderson, Atty. Gen., of State of Montana, for respondents.

MURRAY, Chief Judge.

Petitioner, an inmate of Montana State Prison, again seeks leave to file in forma pauperis another petition for Writ of Habeas Corpus and moves for the appointment of counsel. In the interest of orderly procedure and keeping proper court records, leave to file said petition without prepayment of costs is granted.

A recital of petitioner's numerous petitions in this and other courts is contained in the decision of the Montana Supreme Court in In re Jones Petition, Mont., 386 P.2d 747, decided November 21, 1963, rehearing denied December 27, 1963, 387 P.2d 912. Since the last decision of the Montana Supreme Court, motions by petitioner in the District Court of the Seventeenth Judicial District of the State of Montana for withdrawal of his plea of guilty and to vacate judgment were denied by order of that court dated March 13, 1964, rehearing denied by order of April 20, 1964.

The grounds alleged for the present petition are

"1. Illegal search and seizure,

"2. Examination and bail,

"3. Incompetent to commit crime."

With regard to the first ground, illegal search and seizure, it is to be noted that petitioner was convicted on his plea of guilty, there was no trial and no evidence obtained as a result of the alleged illegal search and seizure was introduced against petitioner resulting in his conviction. "Complaints in regard to arrest and search are matters for defense * * *. One who pleads guilty waives these defenses and is not in a position to successfully move for a writ of habeas corpus on claims of alleged illegal arrest, search and seizure. Cf. United States v. Zavada, 291 F.2d 189 (6th Cir., 1961); United States v. Salzano, 241 F.2d 849 (2d Cir., 1957)." United States ex rel. Hazen v. Maroney, D.C., 217 F.Supp. 328 (1963).

Under ground 2, Examination and Bail, petitioner complains that he was denied a preliminary examination and denied bail. The question of the denial of a preliminary hearing was before presented to this court and ruled upon adversely to petitioner by the order of December 2, 1960, denying petition for writ of habeas corpus. Therefore, under the provisions of 28 U.S.C.A. § 2244, the court is not required to consider again this ground of the present petition. However, as pointed out in Judge Jameson's order of December 2, 1960, it is well settled that under Montana law, the State Court has the right to grant leave to file an information, as was done in petitioner's case, without previous examination by a committing magistrate. State ex rel. Juhl v. District Court, 107 Mont. 309, 84 P.2d 979, 120 A.L.R. 353.

■ As to the alleged denial of bail, there is no allegation that the plea of guilty of petitioner was induced or coerced by the alleged denial of bail. Hence, even if there were a denial of bail and a temporary illegal detention of petitioner prior to his plea of guilty, it would have no bearing on the validity of his present confinement based upon that plea of guilty. Townsend v. Burke, 334 U.S. 736, 738, 68 S.Ct. 1252, 92 L.Ed. 1690.

■ As to the third and final ground, "Incompetent to commit crime", petitioner contends that because of an alleged mental disorder, he was without the mental capacity to commit the offense of which he stands convicted. In support of this contention, he submits a photocopy of a report of his medical survey from the U. S. Marine Corps, which he states he was only recently able to obtain. Lack of mental capacity, in other words, insanity, is a defense to a criminal charge which relates to the guilt or innocence of the accused. In speaking of newly discovered evidence in a habeas corpus proceeding in a Federal District Court, the Supreme Court in Townsend v. Sain, 372 U.S. 293 at 317, 83 S.Ct. 745 at 759, 9 L.Ed.2d 770, stated "such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." Likewise, here, petitioner's mental capacity to commit the crime of which he was convicted, relating as it does to his guilt or innocence, and not to the constitutionality of his detention, is not a ground for relief on federal habeas corpus.

For the foregoing reasons, the petition is without merit, no hearing is required, and the appointment of counsel is unnecessary.

Therefore, it is ordered and this does order that said petition for Writ of Habeas Corpus and for appointment of counsel be and the same hereby is denied.