UNITED STATES of America ex rel. Carmine CATALIOTTI, Petitioner,

v.

Vincent R. MANCUSI, Warden, Attica Prison, Attica, New York, Respondent.

No. 70 Civil 281.

United States District Court, S. D. New York.

Feb. 27, 1970.

Carmine Cataliotti, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, Burton Herman, Asst. Atty. Gen., of counsel, for respondent.

EDWARD WEINFELD, District Judge.

Petitioner, confined to Attica State Prison, where he is serving a sentence of ten to twelve years imposed in October 1962 following his conviction in the Supreme Court, New York County, for robbery, second degree, seeks his release upon a federal writ of habeas corpus.

After his conviction, which was affirmed upon direct appeal, petitioner applied for a writ of error coram nobis in the state court, alleging he was insane at the time of trial. Following a hearing, his application for the writ was denied, and the denial was affirmed upon appeal.

People v. Catalliotti, 28 A.D.2d 1210, 284 N.Y.S.2d 1006 (1st Dep't 1967). Thereafter, petitioner sought a second writ of error coram nobis, this time alleging he was insane at the time of the commission of the crime. His application was denied without a hearing in February 1968, and the denial was again affirmed on appeal. People v. Cataliotti, 32 A.D.2d 893, 301 N.Y.S.2d 950 (1st Dep't 1969). Petitioner then filed this petition, in which he also requests the assignment of counsel.

 Petitioner designates his present application as "an appeal from an order of the New York Supreme Court" which denied his writ of error coram nobis. However, the federal district court is not authorized to sit in appellate review of state court judgments. Its authority in passing upon an application for a writ of habeas corpus is limited to issues involving alleged denial of federally protected constitutional rights. 28 U.S.C., section 2241(c). The state urges dismissal on that ground. Although petitioner, appearing pro se, has designated his application as "an appeal," apparently he seeks to raise a federal constitutional claim. Accordingly, the court considers his petition on the merits.

██ The petitioner's allegation that he was legally insane at the time of the commission of the crime is entirely without evidential support. His assertion that he was intermittently confined to mental institutions both before and subsequent to the date of the crime gives no evidential support to the contention that he was legally insane, however the term is defined under state law, when the criminal act was committed. Moreover, there is no showing that the defense of insanity was raised upon his trial; or that the state deprived him of the opportunity to tender the issue upon his trial; or that in any respect he was precluded from raising it. This is significant, since the finding that he was competent to stand trial made after an evidentiary hearing meant that he was able to confer with his counsel and assist in his defense. *See* Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966);

Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam). *See also* Fay v. Noia, 372 U.S. 391, 438–440, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Finally, this defense of insanity would go only to the issue of guilt or innocence and not to the constitutional validity of his conviction. Martin v. Coiner, 299 F.Supp. 553, 556–557 (S.D.W. Va.1969); Jones v. Montana, 231 F. Supp. 531, 533 (D.Mont.1964); *see* Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). *See generally* Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968).

The petition for a writ of habeas corpus is dismissed upon the merits.