MR. JUSTICE HARRISON
delivered the opinion of the Court.
Defendant was convicted of one count of arson and three counts *495 of deliberate homicide in the District Court. From the judgment of conviction and the denial of his motion for a new trial, defendant appeals.
In the early morning hours of July 4, 1975, a fire occurred in an apartment house at 507-509 Fourt Street South, Great Falls, Montana. There were four separate apartments in the building, housing about ten people. At the time of the fire, Fred Cobb and his three half-sisters were occupying a second floor apartment at the head of the stairs. Cobb was sleeping on the couch and was awakened by the smoke. He opened the door leading to the stairs but retreated from the heat and the smoke. He awoke one sister who was also sleeping in the living room, told her to get the others, and escaped by crawling out a window. The girls did not make it out and were asphyxiated.
On July 10, 1975, defendant, Stephon Vincent Benito Hallam, was arrested for setting fire to the apartment house and for the resulting deaths.
The apartment building where the fire occurred had been operated by one Virginia Heckman, who had been defendant’s “girlfriend”. Defendant had at times stayed with Mrs. Heckman in her apartment in the building and at times had a key to her apartment.
There was testimony that three days prior to the fire Mrs. Heckman decided to terminate the relationship. There was also testimony that defendant had stated they had a “blowout”, but defendant testified that he was not aware of any problem between them.
The fire was investigated by several members of the Great Falls fire department as well as the Great Falls police department. Debris was gathered from the area of the fire and examined at the State Crime Lab in Missoula, Montana. The lab determined the presence of a highly flammable liquid, a type of kerosene, from debris gathered in the front entry way outside Virginia Heckman’s apartment door.
Howard Clos, Jr. is a nephew of defendant and a fireman for the *496 city of Great Falls. He testified that defendant spent several hours on July 5, 1975, at the fire station talking to Clos. Defendant kept quizzing his nephew as to whether the fire department thought the fire was arson caused. Before leaving, he informed Clos, “the reason that I am really worried is because I did do it.” He allegedly stated he piled garbage up and set the carpet on fire. He also indicated a belief that certain flammable liquids could be used to set a fire without being detected.
Defendant and a friend had removed a gas stove and replaced it with an electric stove at Mrs. Heckman’s apartment at approximately the end of June, 1975.
The theory of the prosecution was that defendant deliberately set the fire for revenge against Mrs. Heckman. The theory of the defense was that defendant thought he was to blame for the fire as a result of changing the stoves and failing to do a proper job of wiring and capping off the gas.
Defendant was found guilty on all counts and sentenced to consecutive terms of one hundred years each on the three homicide counts and 20 years on the arson count.
Defendant presents eight issues on appeal:
1. The court lacked jurisdiction because of fatal errors in the affidavit for leave to file an Information.
2. The court erred in granting the prosecution’s motion to amend Count IV of the Information after the defendant had entered a plea and during the jury selection;
3. The court erred in prohibiting all voir dire examination of potential jurors regarding the homicide charges and capital punishment;
4. The court erred in allowing the fire department witnesses to speculate as to the cause of the fire without the necessary evidentiary foundation and without having the question posed in the necessary hypothetical question form;
5. The trial testimony of Howard Clos, Jr. constituted surprise and should have been excluded;
*497 6. The trial testimony of Howard Clos, Jr. should not have been admitted without a hearing to establish that it met constitutional requirements;
7. The court erred in allowing certain jury instruction that certain admissions of defendant constituted direct evidence and further, by refusing instruction regarding indirect and circumstantial evidence; and
8. The court erred in allowing the prosecution to speculate in closing argument about evidence not in the record.
The affidavit in support of the state’s motion for leave to file the Information direct states, in pertinent part:
“That on or about the 4th day of July, 1975, at Great Falls, Cascade County, Montana, the defendant herein, VINCENT STEPHON HALLAM, caused the death of Sherry Rose, Charlotte Rose and Charlene Rose, by setting fire to the premises at 509-4th Street South, Great Falls, Cascade County, Montana; that the defendant has admitted to having set the said fire by igniting flammable materials at or near the entry way to the said premises; that the investigation of the fire at these premises by the Great Falls Fire Department determined that the fire was caused by intentional means and that the origin was in the entry way of the premises.
“That the State of Montana will prove by the testimony of the witnesses whose names are endorsed on the back of the Information, together with physical evidence obtained in the investigation and testing done thereon, as well as by the admission of the defendant herein, that the defendant, VINCENT STEPHON HALLAM, is guilty of the crimes of COUNTS I, II AND II: DELIBERATE HOMICICE, A FELONY, in violation of Section 94-5-102(l)(b), R.C.M.1947, as amended and COUNT IV: ARSON, A FELONY, in violation of Section 94-6-104(l)(a), R.C.M.1947 as amended.”
In order to obtain permission to file an Information direct in District Court, the state must satisfy the judge “ * * * that there is probable cause to believe that an offense has been committed by the defendant * * Section 95-1301(a), R.C.M.1947. Where, as *498 here, a warrant of arrest is issued on the basis of the granting of the leave to file direct (section 95-1301(b)), a constitutional question arises. The Fourth Amendment forbids the issuance of a warrant of arrest unless probable cause is shown and supported by oath or affirmation. Giordenello v. United States, 357 U.S. 480, 485, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).
The existence of probable cause must be determined by the independent judgment of a detached magistrate. Aguilar v. Texas, 387 u.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723 (1964). The Revised Commission Comment to section 95-1301 notes:
“* * * Obtaining leave to file an information is not a mere perfunctory matter, but rests in the sound discretion of the district judge. The application must be complete in itself, and contain such salient facts as will allow the district judge to make an independent determination that an offense has been committed. * * *”
The facts alleged by the county attorney in the affidavit are:
(1) Defendant caused the death of three persons by setting fire to the apartment building;
(2) Defendant admitted setting the fire by igniting flammable materials near the entrance;
(3) The Great Falls fire department determined that the fire was intentionally set; and
(4) The state believes it can prove the defendant guilty of the offenses charged.
In a series of cases following State ex rel. Juhl v. District Court (1938), 107 Mont. 309, 84 P.2d 979, 120 A.L.R. 353, this Court has considered the proper procedure for the application and motion for leave to file an Information. Nelson v. State (1964), 144 Mont. 439, 397 P.2d 700; State v. Peters (1965), 146 Mont. 188, 194, 405 P.2d 642, 645; State v. Corliss (1968), 150 Mont. 40, 430 P.2d 632. See also 25 Mont. Law Rev. 135 (1963) and 26 Mont. Law Rev. 9 (1964).
The Court in Peters noted:
“* * * This court has consistently held that leave to file is not a *499 perfunctory matter, and that it must not be automatically granted. Sufficient facts must be presented to move the court’s discretion to grant leave. (Citations omitted.)”
It should be noted that at the time of the request for an order to file direct, the trial court held an extended hearing thereon with briefs and oral argument. The hearing was to comply with the most recent United States Supreme Court decision in Gerstein v. Pugh, 420 U.S. 103, 119, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), and the court found that sufficient information wa produced to warrant the granting of the leave to file the Information and warrant of arrest.
We hold that the fact the affidavit revealed an admission to setting the fire (2) was sufficient along with (3), an indication that the fire was intentionally set to warrant the action of the trial court, particularly in view of the fact a separate hearing was held after the issuance of leave to file the Information and warrant of arrest. This information was clearly sufficient to establish probable cause.
The Information filed in District Court July 10, 1975, charged defendant with three counts of deliberate homicide (one count for each person killed in the fire) and one count of arson. Defendant plead not guilty to all four counts. The arson count charged:
“That at the County of Cascade, State of Montana, on or about the 4th day of July, A.D. 1975, and before the filing of this Information, the said defendant then and there being, did then and there by means of fire, knowingly or purposely, without consent, damaged or destroyed an occupied structure of Walter Peck, namely an apartment building located at 509-4th Street South, Great Falls, Montana, in violation of Section 94-6-104(l)(a), R.C.M. 1947, as amended.”
On the opening day of the trial, the county attorney’s motion was granted to amend the arson count to charge defendant under subsection (b) rather than subsection (a) of the arson statute:
“That at the County of Cascade, State of Montana, on or about the 4th day of July, A.D. 1975, and before the filing of this Infor *500 mation, the said defendant then and there being, did then and there by means of fire knowingly or purposely place Sherry Rose, Charlotte Rose, and Charlene Rose in danger of death, in violation of Section 94-6-104(l)(b), R.C.M.1947 as amended.”
Defendant contends this amendment was a matter of substance and in violation of section 95-1505(b), R.C.M.1947:
“(b) The court may permit any charge to be amended as to form at any time before verdict or finding if no additional or different offense is charged and if the substantial rights of the defendant are not prejudices.”
An amendment of an Information subsequent to pleading must meet the two-pronged test set forth in State v. Brown (1976), 172 Mont. 41, 560 P.2d 533, 535:
“* * * (1) such an amendment is only allowed as to matters of form, and (2) only when no substantial right of the defendant is prejudiced. * * *”
This Court in Brown held that an attempted amendment of a charge of aggravated assault by causing “serious bodily injury” to aggravated assault by causing “reasonable apprehension of serious bodily injury” was substantive and therefore not allowable. Accordingly, we hold the amendment should not have been granted.
The District Court refused to allow defense counsel to ask prospective jurors about their conscientious opinions regarding the death penalty. The court took the position that since the sentencing function rests solely with the judge, such inquiry is irrelevant.
Defendant notes that section 95-1909(4)(b)(viii), R.C.M.1947, allows either party to challenge for cause, in a capital case, any juror having such conscientious opinions as would preclude finding a defendant guilty. It is difficult to see how defendant can complain that this statute was violated. The empaneling of such a juror could only be for his benefit.
Nor do the cases cited by defendant bolster his position. Defendant certainly has an unqualified constitutional right to a fair and impartial jury. State v. Russell (1925), 73 Mont. 240, 235 P.712. But the defense has not shown how a juror’s opinions either *501 favoring or disfavoring capital punishment make such a juror more likely to convict defendant. The Supreme Court in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) considered a jury selection process by which any prospective juror opposed to the death penalty could be challenged for cause. While the Court concluded such a jury could not constitutionally sentence a defendant to death, it expressly refused to reverse defendant’s conviction on that basis. The Court could not vind that such a jury substantially increased the risk of conviction. Witherspoon, supra, 391 U.S. at 517, 88 S.Ct. 1770. See also Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).
It is clearly within the rulings of Witherspoon and Bumper that inquiry be made as to such conscientious opinions of prospective jurors that would preclude them from finding a defendant guilty. Thus the state could complain with some merit about the restriction of voir dire in this case. There is no authority, however, for the proposition that such restriction is prejudicial to defendant, and we decline to so hold.
The defense next contends the court erred in allowing fire department witnesses to speculate as to the cause of the fire without the necessary evidentiary foundation and without having the questions posed in hypothetical form.
It has never been the law that a hypothetical question is indispensable to the .testimony of the opinion of an expert witness. The cases cited by defendant only require the witness to testify as to the facts upon which he bases his opinion. Boehler v. Sanders (1965), 146 Mont. 158, 404 P.2d 885; Irion v. Hyde (1940), 110 Mont. 570, 105 P.2d 666.
The witnesses in question were experts. They were testifying from facts revealed through investigation carried out by themselves and under their direction. They testified as to the facts and were available for full cross-examination. The District Court was correct in its ruling.
The defense claims surprise at the trial testimony of *502 Howard Clos, Jr. Clos gave a statement July 10, 1975, which was made available to defense counsel and which detailed defendant’s admission. Defense counsel also had the opportunity to interview Clos about the incident. At trial Clos quoted defendant as using certain profane and vulgar language which Clos had not previously mentioned. Clos, referring to defendant, stated:
“He said that — he says, ‘I’ll be back to burn that_out.’ He sayd, ‘If the_ fire marshall hadn’t of closed that building down,’ he says, T would have been back today.’ ”
While the addition of the profanity may have been damaging to defendant, Clos’s testimony did not differ in substance from his prior statement. Defense counsel had the opportunity to impeach Clos with the prior statement, and they did so. Defendant’s claim of surprise is without merit.
The defense argues the trial testimony of Howard Clos should not have been admitted without a hearing to establish that Miranda warnings had been given and that defendant’s confession was voluntary.
The Supreme Court in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964) held that where the voluntariness of a confession is brought into question, a defendant has a constitutional right to a hearing on the voluntariness issue. Jackson is not applicable to the instant case. Here there was never an issue regarding the voluntariness of the statements. Defendant initiated the conversation with Clos. He never claimed his statements were in any way coerced. Defendant testified that his remarks must have been misunderstood by Clos, but did not even intimate that they were not voluntary.
Miranda warnings are necessary to protect the Fifth Amendment rights of an accused undergoing “custodial interrogation”. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). The Supreme Court in Miranda noted:
“By * * * custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into cus *503 tody or otherwise deprived of his freedom of action in any significant way. * * *”
Clos was not a law enforcement officer. There is no indication that defendant was deprived of his freedom of action by anyone at the time the statements were made. No Miranda warnings were necessary.
Defendant cites as error the refusal of the District Court to give defendant’s proposed instruction No. 2, an instruction that “* * * the evidence presented against the defendant is entirely circumstantial * *
Instructions on circumstantial evidence, such as the one offered here, are proper only when there is no direct evidence of the corpus delicti. State v. Stoddard (1966), 147 Mont. 402, 412 P.2d 827; State v. Mah Sam Hing (1930), 89 Mont. 178, 295 P. 1014.
This Court has held that a confession constitutes direct evidence and that it is not error to refuse a circumstantial evidence instruction when there is testimony of a confession. State v. White (1965), 146 Mont. 226, 240, 405 P.2d 761.
Defendant contends the statement related by Clos is not a confession, but is an admission. A “confession” is an admission of crime itself and an “admission” concerns only some specific fact which, in turn, tends to establish guilt or some element of the offense. This distinction is clearly stated in Gladden v. Unsworth, 396 F.2d 373 (9th Cir. 1968).
Clos’s testimony was that defendant told him that he “did it”. In addition he said that if the fire marshal had not closed the building he would have gone back that day and burned it. This goes to the central fact of guilt and was a confession. The circumstantial evidence instruction was properly refused.
The final issue raised by the defense concerns the closing argument of the county attorney. According to the state’s theory of the case, the fire burned for 30 to 40 minutes before it was put out. Under this theory, the fire would have had to have been burning at 5:10 a. m. when a fireman on his way to work passed near the location but did not see any smoke. The county attorney postulated that *504 the smoke was not immediately visible because the doors to the entryway, where the fire started, were closed. Defense counsel objected to this on the basis that the evidence showed the front door was a screen door. His objection was overruled.
We find no error here. Both the prosecution and the defense presented their respective theories regarding the origin and timing of the fire. The jury is instructed as to what constitutes evidence. The state’s theory was not an unfair inference from the evidence presented.
We affirm the three convictions on the homicide counts and reverse on count No. 4.
MR. JUSTICES HASWELL and DALY concur.