JUSTICE TRIEWEILER
dissenting.
I dissent from that part of the majority opinion which concludes that the District Court did not err when it admitted statements made by defendant at his omnibus hearing, and when it instructed the jury on how to consider “admissions” and “confessions.”
Nothing that defendant said at his May 26,1992, omnibus hearing even remotely approaches an admission or a confession. In fact, he stated that he doubted he would be found guilty of having inflicted injury upon his daughter, but then argued that in the unlikely event that that occurred, the conduct of which he was accused was protected by the Constitution. His argument was not unlike arguments made by lawyers on behalf of their clients every day in both civil and criminal cases. It was a legal argument which asked the court to assume facts without admitting the truth of the facts alleged, but then requested the court to conclude that even assuming those facts to be true, they were legally insufficient.
“A confession is a direct acknowledgment of guilt on the part of the accused ....” State v. Stevens (1921), 60 Mont. 390, 402, 199 P. 256, 259. At no time during the omnibus hearing, or in the transcript that was read to the jury, did defendant acknowledge his guilt.
An admission has previously been defined by this Court as “a statement by the accused, direct or implied, of facts pertinent to the issue, and tending, in connection with proof of other facts, to prove his guilt, but of itself is insufficient to authorize a conviction.” Stevens, 60 Mont. at 402, 199 P. at 259; see also State v. Hallam (1978), 175 Mont. 492, 503, 575 P.2d 55, 62 (“[A]n ‘admission’ concerns only some specific fact which, in turn, tends to establish guilt or some element of the offense.”); State v. Goltz (1982), 197 Mont. 361, 369, 642 P.2d 1079, 1084 (“An ‘admission’ is defined as ‘an avowal or acknowledgment of a fact or of circumstances from which, together with other facts, guilt may be inferred.’ ”)
*35 There is no fact admitted during defendant’s entire dialogue with the court which infers that he assaulted his daughter. Therefore, the entire conversation was irrelevant to the issues the jury was being asked to decide and should not have been admitted.
In addition, assuming (again for the sake of argument) that the evidence was relevant, it should have been excluded under Rule 403, M.R.Evid. It had little, if any, probative value on the issue of whether the act defendant was accused of actually occurred, and it must have created great prejudice to let the jury know that defendant held such a bizarre religious view.
In fact, the prejudicial effect of this evidence is obvious from the arguments made by the prosecutor to the jury after the close of evidence. The prosecutor effectively exploited this prejudicial evidence when he argued that:
He doesn’t think he can be prosecuted in this state for his use of force on a child based on a religious belief. Well, that is just not the law in Montana. Does your common sense tell you that that philosophy is what we should allow in the State?
Folks, this is a court of law, but you’re supposed to keep your common sense when you come in here, and doesn’t your common sense tell you that that kind of an attitude ends up with the kind of injuries that we saw on Karri Thompson?
How did this statement read? “Any action less than sacrifice would be merciful.” Well, those pictures didn’t look very merciful. Those pictures looked abusive, looked like an assault to me.
Later on in rebuttal argument, the prosecutor argued that:
Society cannot allow this Defendant, or anyone, to punish or abuse as he sees fit and then justify it on the basis of his religion or hiding behind the Bible, if you will.
It is clear from these arguments that once defendant’s comments regarding the Bible and the Constitution were read to the jury, the focus of the prosecution was largely that defendant should be punished for his religious beliefs. The issue should have been limited to whether or not defendant committed the acts of which he was accused.
The District Court’s error was compounded when it instructed the jury regarding the effect of not only admissions, but also confessions. In State v. Starr (1983), 204 Mont. 210, 217, 664 P.2d 893, 897, we stated that:
*36 In determining whether to give an instruction, the inquiry of the District Court must only be whether any evidence exists in the record to warrant an instruction on the theory or issue submitted.
I concur with the defendant’s position that, conversely, when no evidence exists to support a submitted instruction, the instruction should not be given.
In this case, nothing in the remarks of defendant, which are set forth in the majority opinion, can be construed as an admission. If his remarks did not amount to an admission, they certainly did not amount to a confession. To even imply to the jury that something defendant said could be construed as a confession was highly prejudicial to him.
I specially concur with the majority’s conclusion that defendant was not denied his right to a speedy trial. However, I do not agree with everything that is said in that part of the opinion. Specifically, I do not agree with the majority’s conclusion that the time at which defendant asserted his right to a speedy trial should be considered in balancing the Barker factors. Either he asserted his right in a timely fashion, or he did not. The majority concluded that he did assert his right in a timely fashion, and therefore, it should simply move on to the next consideration. It seems nonsensical to say that some assertions of the right to speedy trial can be timelier than other assertions. However, in spite of this disagreement with part three of the majority’s analysis, I conclude that defendant was not denied his right to speedy trial based on a lack of evidence that he was prejudiced by the delay which occurred.
For these reasons, I would reverse the judgment of the District Court, I would exclude the transcript of defendant’s remarks made at his omnibus hearing, and I would remand to the District Court for retrial without the excluded evidence or the prejudicial and irrelevant instructions which were given.
JUSTICE HUNT joins the foregoing dissent.